In the Matter of Ronald SHULER a/k/a Ronnie Shuler f/d/b/a Delta Motor Company, Bankrupt.

HAROLD V. SIMPSON AND COMPANY, Plaintiff-Appellant,

v.

Ronald William SHULER, Defendant-Appellee.

No. 83–1560
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1984.

Rehearing Denied Feb. 13, 1984.

**1254**

Don L. Baker, Austin, Tex., for plaintiff-appellant.

Eric Borsheim, Austin, Tex., for defendant-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

In these proceedings arising under the Bankruptcy Code of 1978, 11 U.S.C. §§ 101 et seq., a creditor appeals from the rejection by the bankruptcy court, affirmed by the district court, of its contention that a debt was nondischargeable. We affirm, finding no merit to the creditor's principal contention that the bankruptcy court was bound by collateral estoppel principles by a pre-bankruptcy state court determination that the debt was for services obtained by false pretenses—which, if so, excepted the debt from dischargeability under federal bankruptcy law.

The creditor company ("Simpson") filed a complaint in the bankruptcy proceedings to determine the dischargeability of a debt incurred by the bankrupt, Shuler. The creditor contended that the debt was excepted from dischargeability because it was a debt for obtaining services (the preparation of tax returns) by false pretenses. Section 523(a)(2)(A) of the Code, 11 U.S.C. § 523(a)(2)(A).[1] For proof of the debt's nondischargeability, the creditor Simpson relied solely upon the Texas state court proceedings that resulted in judgment in its favor against the bankrupt Shuler, wherein the state court, in granting a default judgment to Simpson, had recited that this creditor was entitled to judgment upon its cause of action based upon a "debt for obtaining by false pretenses the items furnished by Plaintiff [the creditor Simpson]."

The creditor Simpson contends that the bankruptcy court was bound by collateral estoppel to adopt the state court's finding that the debt was for services obtained by false pretenses and that, consequently, Simpson has borne its burden of proving the nondischargeability of the debt. We reject this contention, as inconsistent with the jurisprudential interpretations of the federal bankruptcy statute.

**I.**

In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court held that a bankruptcy court was not barred by res judicata from determining, independent of a state court judgment against a debtor, the nature of the debt in order to determine its dischargeability under the federal bankruptcy law. Finding that Congress intended to give the bankruptcy court exclusive jurisdiction to determine bankruptcy dischargeability issues, the Court found that "the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceeding when considering the dischargeability

---

1. Section 523 ("Exceptions to discharge"), (a)(2)(A) provides:

    (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

    \*　　\*　　\*　　\*　　\*　　\*

    (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

    \*　　\*　　\*　　\*　　\*　　\*

of respondent's debt." 442 U.S. at 138–39, 99 S.Ct. at 2213. While expressly leaving open the collateral estoppel question, the Court noted, however, that:

> This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. [Citations omitted.] If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the former Bankruptcy Act; similar to § 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10.

In *Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir.1980), this court affirmed the holding of the district court, which had affirmed the judgment of the bankruptcy court. We based our affirmance upon the district court's opinion, which we attached as an appendix. That opinion stated, although by way of dictum:

> This court, of course, has no quarrel with the proposition, enunciated in these cases and urged by Bell, that a bankruptcy court faced with a claim of nondischargeability under § 17 and presented with a state court judgment evidencing a debt is not bound by the judgment and is not barred by res judicata or collateral estoppel from conducting its own inquiry into the character and, ultimately, the dischargeability of the debt. Like the Ninth Circuit in *In re Houtman* [568 F.2d 651 (1978)], this court would be constrained to reverse the bankruptcy court's decision if the bankruptcy judge had held himself to be bound by the state court judgment. That, however, is not the case.

615 F.2d at 377. The court went on to affirm a summary judgment that held that the debt was nondischargeable, based upon a state court consent judgment that contained a detailed recitation of facts that showed a federally nondischargeable basis for the debt. The judgment was introduced without opposing showing, and the court therefore concluded:

> The bankruptcy court was correct in determining that no issue of fact existed as to the recitations in the state court judgments. It therefore properly accepted these recitations as true, and correctly found that they required the legal conclusion that the debt owed Carey by Bell was nondischargeable in bankruptcy under § 17(a)(4).

615 F.2d at 378.

We thus in *Carey Lumber Co. v. Bell* upheld rationale that neither res judicata nor collateral estoppel bar a bankruptcy court from receiving evidence as to facts by which that court may determine the character and, ultimately, the dischargeability of the debt. We there also, however, affirmed the holding that, nevertheless, the recitations of the state court judgment may be considered as evidence that, if uncontroverted, may be sufficient upon which to base a holding that the debt is nondischargeable as measured by the federal standard of dischargeability.

We did not in *Carey Lumber Co. v. Bell* reach or consider the issue as to whether "collateral estoppel, in the absence of countervailing statutory policy would bar relitigation of ... *factual* issues ... actually and necessarily decided in [the] prior suit." *Brown v. Felsen, supra,* 442 U.S. at 139 n. 10, 99 S.Ct. at 2313 n. 10 (emphasis added). However, in the sparse subsequent decisions on the issue, the district and bankruptcy courts of the present and former Fifth Circuit, as in the present instance, have held that collateral estoppel—arising from an earlier nonbankruptcy suit's determination of subsidiary facts that were actually litigated and necessary to the decision—may properly be invoked by the bankruptcy court to bar relitigation of those issues, even though the bankruptcy court retains the exclusive jurisdiction to determine the ultimate question of the dischargeability under federal bankruptcy law of the debt, upon the facts so based and other evidence before the court.

An excellent statement of the reasons for these rulings is contained in *Franks v. Thomason,* 4 B.R. 814, 820–21 (Bkrtcy.N.D. Ga.1980):

> The bankruptcy court may not relitigate the entire case; to do so would do violence to judicial finality, a fundamental tenet of our judicial system. Congress only intended for that policy to give way to the extent necessary to enable the bankruptcy court to make the ultimate determination of dischargeability of debts under section 17a(8). Those facts that were actually litigated and necessary to the decision in the court that rendered the judgment, and that are discernible from the record of the case, should not be reopened absent a compelling reason to avoid injustice.... The bankruptcy judge must necessarily tailor his application of collateral estoppel to the circumstances of the case before him, consistent with its purposes and the countervailing intent of Congress. The ultimate finding of whether [a debt is nondischargeable, as "defined" by the bankruptcy law] is solely the province of the bankruptcy court; those subordinate factual findings that are necessary to that ultimate determination, that have not been actually and necessarily litigated or that are not dis-

cernible from the record, must also be determined by it after hearing all relevant evidence that is presented by the parties.[2]

*Accord, In re Whitmore,* 7 B.R. 835, 838 (Bkrtcy.N.D.Ga.1980), *cf., In re Waters,* 20 B.R. 277, 280 (Bkrtcy.W.D.Tex.1982).

■ This rationale and the resulting conclusion—that collateral estoppel may apply to subsidiary facts actually litigated and necessarily decided—represents the predominant view of the other circuits that have considered the issue.[3] In the present bankruptcy proceedings, the bankruptcy court applied these principles in determining the dischargeability of the debt represented by the state court judgment. We find no error of law in its so doing.

## II.

In its appeal, the creditor Simpson contends that the only evidence before the bankruptcy court was to the effect that the debt for services was obtained through false pretensions, and that therefore the bankruptcy court was clearly erroneous in not sustaining its complaint that the debt was nondischargeable under Section 523(a)(2)(A). However, the only evidence the creditor presented in the bankruptcy action was with regard to the state judicial proceedings leading to judgment, and an-

---

**2.** The applicability of collateral estoppel thus stated is in accord with the general test for collateral estoppel in this circuit.

This Court has stated that the three traditional requirements for the application of the doctrine of collateral estoppel are: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) in the prior action the issue must have been actually litigated, and (iii) the determination made of the issue in the prior action must have been necessary to the resulting judgment. *White v. World Finance of Meridian, Inc.,* 653 F.2d 147, 151 (5th Cir.1981).

**3.** The several circuits have developed somewhat different rules as to this issue. *Compare Spilman v. Harley,* 656 F.2d 224, 227–28 (6th Cir.1981) and *Matter of Ross,* 602 F.2d 604, 607 (3rd Cir.1979) (holding that a prior state court judgment can have collateral estoppel effect in a bankruptcy proceeding) *with In Re Rahm,* 641 F.2d 755, 757 (9th Cir.1981), *cert. denied,* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981) (holding that a prior state court judgment has no collateral estoppel effect in a

bankruptcy court, but may establish a prima facie case of nondischargeability). *See also In Re Houtman,* 568 F.2d 651, 655 (9th Cir.1978) (holding prior to the Supreme Court's decision in *Brown v. Felsen, supra,* that a state court judgment based on fraud establishes only a prima facie case that a debt is nondischargeable in a bankruptcy action).

*Spilman v. Harley, supra,* contains an excellent discussion of the jurisprudential holdings as to this issue, and of the reasons why, in proper circumstances, collateral estoppel should apply. 656 F.2d at 226–28. It concludes, 656 F.2d at 228:

Thus, before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue was actually litigated and was necessary to the decision in the state court. To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment, [citations omitted] or hold a hearing if necessary [citation omitted].

swers to interrogatories and admissions with regard thereto. The latter confirmed that the only evidence produced in the state court proceedings to support the default judgment was the complaint[4] and the affidavit verifying the invoices for income tax preparation sued upon.[5]

Thus, the actual issue presented is whether the bankruptcy judge erred in finding that the creditor Simpson failed to carry its burden of proof that the debt was nondischargeable, which—since the state court record is the only evidence relied upon by the creditor—in essence presents the issue of whether the bankruptcy court erred in failing through collateral estoppel principles to accept the alleged determination by the state court in its default judgment[6] that the debt was for services obtained by false pretenses.

The bankruptcy court did not err in failing to accord collateral estoppel effect, for bankruptcy dischargeability purposes, to the alleged false-pretense determination in the state court judgment.

Unlike the consent judgment in *Carey Lumber Co. v. Bell, supra,* see 615 F.2d at 378, the judgment in the present case did not contain detailed facts sufficient as findings to meet the federal test of nondischargeability; it contained merely a conclusory statement that the plaintiff was entitled to judgment on a false-pretense cause of action.[7] Nor, on examining the plead-

---

4. Simpson's state court petition reads in pertinent part as follows:

  \*   \*   \*   \*   \*   \*

  2. *Facts.* As shown in the attached statement of account, Plaintiff sold to Defendant goods, services, wares, and merchandise, which Defendant accepted and thereby became bound to pay to Plaintiff the stated price thereof, which is a reasonable and fair, usual and customary price.

  3. *Debt.* The balance due and owing to Plaintiff on said account is $568.75. Although often requested, Defendant has failed and refused to pay the amount due. This debt is for obtaining the items specified by false pretenses, both inclusive and exclusive of representations of financial condition.

  \*   \*   \*   \*   \*   \*

5. The affidavit in support of the invoices reads as follows:

  "BEFORE ME, the undersigned authority, on this day personally appeared <u>HAROLD V. SIMPSON</u> [affiant] who is the <u>Senior partner</u> [official capacity] for the <u>Harold V. Simpson & Company, CPA's</u> [creditor] and upon oath stated that the claim evidenced by the attached documents is within the knowledge of affiant, just and true, that it is due and that all just and lawful offsets, payments and credits have been allowed, that such documents were made in the regular course of business, that it was the regular course of business for an employee or representative of the business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record, and that it was made at or near the time of the act, event or condition or reasonably soon thereafter."

6. Having determined as a threshold matter that the state proceedings here cannot factually be accorded collateral estoppel effect, the bank-

ruptcy court did not reach, nor do we, the further issue of whether a default judgment meets the "actually litigated" test for collateral estoppel for bankruptcy dischargeability determinations. According to *Spilman v. Harley, supra,* the preponderant view (citing decisions) is that a default judgment does not through collateral estoppel bar relitigation in the bankruptcy court. 656 F.2d at 228; *see,* to same effect, *Franks v. Thomason, supra,* 4 B.R. at 821.

7. The state court judgment in its entirety reads as follows:

  JUDGMENT

  On this day came on to be heard the above styled and numbered cause. The Court finding that Defendant, though duly cited to appear and answer herein, has wholly failed to appear and answer herein, that appearance day for the Defendant has passed, that Plaintiff's cause of action is based upon a liquidated demand and debt for obtaining by false pretenses the items furnished by Plaintiff, and that Plaintiff is entitled to judgment as prayed for:

  It is, accordingly, ORDERED, ADJUDGED and DECREED that Plaintiff, Harold V. Simpson & Company, have and recover of and from Defendant, Ronald W. Shuler, doing business as Bill Shuler Marketing Co., judgment in the sum of $808.52, together with interest thereon from date of judgment at the rate of nine percent (9%) per annum until paid, and for all costs of court in this behalf expended, for all of which let execution issue. In event of any appeal from or attack upon the effect of this judgment in any court, state or federal, direct or indirect, including bankruptcy proceedings, further and additional reasonable attorney's fees of $2,500.00 for each such proceeding in each

ings (*see* note 4, *supra*) and the attached affidavit (*see* note 5, *supra*)—with the judgment, the entire record of the state proceedings—, are any facts discernible that show the specific false-pretense conduct, by which the federal bankruptcy court might determine the creditor's claim of non-dischargeability, measured by federal bankruptcy standards.[8] If only for these reasons,[9] the bankruptcy court—unable to discern from the record the subsidiary facts upon which the false-pretense allegation was made—properly refused to accord collateral estoppel effect to the conclusory false-pretense "determination" in the state court judgment.

■ We thus find no merit to Simpson's contentions on its appeal.[10]

*Conclusion*

Finding no merit to the creditor Simpson's contentions, we AFFIRM the judgment of the district court affirming the bankruptcy court's determination of dischargeability.

AFFIRMED.

such court are hereby awarded to the extent this court has jurisdictional power to so order.

8. In fact, the only evidence in support of the default judgment was the invoices noting Shuler's debt and an affidavit verifying the genuineness of the debt (*see* note 5), neither of which includes any indication of the "false pretenses" through which the creditor Simpson's tax services were allegedly obtained.

9. We further note that other prerequisites for collateral estoppel were not met. Under the showing of the entire state proceedings, in this case the false-pretense issues were not shown to have been factually presented to the court so as to have been "actually litigated." Nor, on this judgment for the actual amount of a liquidated account, did the judgment "necessarily determine" any false-pretense issue; the debtor owed the amount due for the creditor's services in preparing his income tax returns, with or without false pretenses.

10. Simpson also contends that the bankruptcy court failed to give "full faith and credit" to the judgment of the state court as required by 28 U.S.C. § 1738, which provides in part that state judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as *they have by law or usage in the Courts of such* State." The full faith and credit due a state court judgment is of course manifested by the res judicata or collateral estoppel effect accorded to that judgment. *See Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). Where, as in bankruptcy, the res judicata or collateral estoppel effect of state court judgments has been limited by competing federal interests, *see Brown v. Felsen, supra,* 442 U.S. at 136–37, 99 S.Ct. at 2211–12, the full faith and credit owing to the state court judgment may be correspondingly limited. Since the courts below properly assessed the collateral estoppel effect of the state court judgment in the present federal bankruptcy case, the full faith and credit principles of § 1738 have not been violated.