TATE, Circuit Judge:
 

 This case arises under the Bankruptcy Code of 1978, 11 U.S.C. § 101 et seq. The creditor, Patino’s, Inc. (“Patino’s”), brought a complaint in the bankruptcy court seeking to have a debt owed to it by the debtors, James Poston and Robert Allman, declared nondischargeable under the exceptions to dischargeability set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523. The bankruptcy court found the debt dischargeable, and the district court affirmed. Patino’s appeals, primarily contending that the bankruptcy court erred in refusing to give collateral estoppel effect to a prebankruptcy state court default judgment against the debtors in favor of Patino’s. Finding no merit to the creditor’s contentions, we affirm.
 
 [1]
 

 The creditor Patino’s filed a complaint in the bankruptcy court to determine the dis-chargeability of amounts owed to it by Poston and Allman. Patino’s alleged that the defendants, who had been engaged in the retail shoe business, incurred the debts at issue by obtaining property by “false representations and actual fraud” and by “defalcation while in a fiduciary capacity.” Based on these allegations, Patino's sought to have the debt owed to it by these defendants declared nondischargeable under Sections 523(a)(2) and (4) of the Bankruptcy Code. 11 U.S.C. § 523(a)(2) and (4).
 

 In support of this claim, Patino’s relied upon Texas state court proceedings that had, prior to the debtors’ bankruptcy petition, resulted in a default judgment in its favor against the debtors. In the bankruptcy court, Patino’s introduced certified copies of its state court pleadings and the default judgment issued by that court against the defendants. It also relies on requests for admissions filed by it in the bankruptcy proceedings.
 

 
 *868
 
 After reviewing the record, the bankruptcy court held that it would not accord collateral estoppel effect to the state court judgment in the absence of a sufficient factual basis in the state record to support the conclusions recited in the state court judgment, and that Patino’s had not otherwise introduced sufficient evidence to support its contention that the debts were non-dischargeable under the Bankruptcy Code, 11 U.S.C. § 523.
 

 Patino’s now appeals these determinations, which were affirmed by the district court.
 

 I
 

 Patino’s claims that the bankruptcy court erred in refusing to give collateral estoppel effect to the Texas state court default judgment against the defendant debtors, because that judgment recited “that the indebtedness sued upon and made the basis of this judgment was incurred by obtaining property by false representations and actual fraud other than a statement respecting financial condition, and also by fraud and defalcation while acting in a fiduciary capacity." After reviewing the record of the state court proceedings as introduced by Patino’s, however, the bankruptcy court concluded that these recitals as to fraud and false pretenses were not supported by factual findings in the record. The bankruptcy court stated:
 

 The plaintiff’s state court petition as set forth herein asserts there is a statement of account attached to it; however, no such statement of account is admitted into evidence in these proceedings. Indeed the plaintiff has submitted certified copies of the plaintiff’s original petition and judgment, as the clerk for the district court of Travis County, Texas attests and certifies they appear on file and of record in his office. However, no statement of account is attached to the certified copy of the petition or judgment and, consequently, this court must assume there is none on file and of record in the state court. Furthermore, the [state court] judgment recites that the court heard evidence. However, the plaintiff has not seen fit to present this court with a transcript upon which to make its required examination of an otherwise bare record_ [W]ith no transcript of the evidence heard [in the state proceedings] having been offered or in evidence, and the apparent non-existence of the statement of account, [this] court is unable to determine the precise factual issues litigated or the standards applied by the state court to reach its conclusions of law.
 

 Applying the principles of collateral estoppel in bankruptcy dischargeability proceedings as enunciated by this court in
 
 Matter of Shuler,
 
 722 F.2d 1253 (5th Cir.1984), we find no error in the bankruptcy court’s collateral estoppel determination.
 

 The state court default judgment reviewed by the bankruptcy court states in its entirety:
 

 On this day came on to be heard the above styled and numbered cause. It appearing to the Court that Defendants Larry Poston and Robert Lee Allman, though duly cited to appear and answer herein, have wholly failed to appear and answer herein, that appearance day for the Defendants has passed, that Plaintiff is entitled to judgment by default, that the allegations of fact contained in Plaintiff’s Original Petition should be taken as established, and the Court having heard evidence and reviewed and considered the contents of the case file, and having found that the indebtedness sued upon and made the basis of this judgment was incurred by obtaining property by false representations and actual fraud other than a statement respecting financial condition, and also by fraud and defalcation while acting in a fiduciary capacity, done by Defendants jointly and severally:
 

 It is ORDERED, ADJUDGED and DECREED that Plaintiff, Patinos, Inc. have and recover of and from Defendants, Larry Poston and Robert Lee Allman, jointly and severally, judgment in the total sum of $5,746.88, which includes Plaintiff’s principal claim, interest to
 
 *869
 
 date, exemplary damages and attorney’s fees, together with interest thereon from date of judgment at the rate of nine percent (9%) per annum until paid, and for all costs of court in this behalf expended, for all of which let execution issue. In event of any appeal of this judgment or attack upon the effect of this judgment, whether by direct appeal, Bill of Review, bankruptcy proceedings, or any other judicial proceedings, Plaintiff shall further have and recover as a part of this judgment reasonable attorney’s fees for each of such proceedings separately in the amount of an additional $1,500.00 as against each party initiating same or necessitating legal services in connection therewith.
 

 Since this state court default judgment recites that the state court has “heard evidence and reviewed and considered the contents of the case file” and states that the debt was incurred through false representations and actual fraud, Patino’s contends that the bankruptcy court should have given conclusive collateral estoppel effect to the state court’s findings of fraud and false pretenses for Section 523 bankruptcy dis-chargeability purposes.
 
 See
 
 11 U.S.C. § 523(a)(2), (4).
 

 We have held “that collateral estoppel may apply to subsidiary facts actually litigated and necessarily decided” in a prior judicial proceeding.
 
 Matter of Shuler,
 
 722 F.2d 1253, 1256 (5th Cir.1984). Nonetheless, collateral estoppel does not “bar a bankruptcy court from receiving evidence as to facts by which that court may determine the character, and ultimately, the dis-chargeability of the debt.”
 
 Id.
 
 at 1255;
 
 see also Brown v. Felsen,
 
 442 U.S. 127, 138-139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979) (finding that “the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceeding when considering the dischargeability of [a] debt”), and
 
 Carey Lumber Co. v. Bell,
 
 615 F.2d 370, 377 (5th Cir.1980). The recitals and conclusions contained in the state court default judgment, therefore, must be supported by “detailed facts sufficient as findings to meet the federal test of nondischargeability” and allow the bankruptcy court “to discern from the record the subsidiary facts upon which the false pretense allegation was made.”
 
 Shuler, supra,
 
 722 F.2d at 1257-58.
 

 A review of the state court record placed in evidence before the bankruptcy court reveals that the bankruptcy court did not err in finding that the record contained insufficient detailed facts to support the conclusory recitals in this state court judgment. Other than the broad allegations in Patino’s state court pleadings,
 
 [2]
 
 the record contained no evidence of the false-pretense or fraudulent conduct upon which the state court judgment default was allegedly in part based.
 

 The circumstances of the present case thus parallel those faced by this court in
 
 Shuler, supra,
 
 722 F.2d at 1257-58, where we stated:
 

 Unlike the consent judgment in
 
 Carey Lumber Co. v. Bell, supra, see
 
 615 F.2d at 378, the judgment in the present case did not contain detailed facts sufficient as findings to meet the federal test of nondischargeability; it contained merely a conclusory statement that the plaintiff was entitled to judgment on a false-pretense cause of action. Nor, on examining the pleadings ... with the judgment, the entire record of the state pro
 
 *870
 
 ceedings, are any facts discernible that show the specific false-pretense conduct, by which the federal bankruptcy court might determine the creditor’s claim of nondischargeability, measured by federal bankruptcy standards. If only for these reasons, the bankruptcy court — unable to discern from the record the subsidiary facts upon which the false-pretense allegation was made — properly refused to accord collateral estoppel effect to the conclusory false-pretense “determination” in the state court judgment.
 

 Without subsidiary facts in the state court record from which the bankruptcy court could discern the specific basis for the false-pretense conduct determination recited by the state court in its judgment, the bankruptcy court properly refused collateral estoppel effect to the state court default judgment and was “not confined to a review of the judgment and record in' the prior state-court proceedings when considering the dischargeability of [the] debt.”
 
 Brown v. Felsen, supra,
 
 442 U.S. at 138-39, 99 S.Ct. at 2213. Thus, upon a review of the entire record before the bankruptcy court, we find no clear error in the bankruptcy court’s determination that the creditor Patino failed to meet its ultimate evi-dentiary burden of showing the nondis-chargeability of the debts at issue.
 
 [3]
 

 II
 

 In that we find no merit to the creditor Patino's contentions on appeal, we AFFIRM the judgment of the district court affirming the judgment of the bankruptcy court, which rejected the creditor’s claim that the debt was nondischargeable.
 

 AFFIRMED.
 

 [1]
 

 . This case is decided in conjunction with a companion bankruptcy case,
 
 Matter of Allman,
 
 735 F.2d 863 (5th Cir.1984), which also names Allman and Poston as defendant debtors. The creditor in
 
 Allman
 
 raises three issues identical to those raised by Patino’s here, (1) that the bankruptcy court failed to give full faith and credit to the state court judgment, (2) that the requests for admission filed by it in the bankruptcy court should have been sufficient to establish its claim that the debts owed were non-dischargeable, and (3) that the bankruptcy court erred in not placing a constructive trust on the debtors’ property. For the reasons stated in the
 
 Allman
 
 decision, we find no merit to these contentions.
 

 [2]
 

 . Patino’s state court pleadings allege:
 

 Liability for Debt.
 
 Although proper demands for payment have been made, Defendants have failed to pay the account balance, due in the amount of $3,149.25. By reason of their failure to comply with various legal requirements pertaining to corporations, the individual Defendants have become individually liable on this debt. The business of the Defendants was also conducted as a partnership at the time of incurrence of this debt and each individual Defendant is liable as a partner. The indebtedness herein sued upon is also for defalcation while acting in a fiduciary capacity. Defendants also represented that they were solvent and able to pay for the goods as the debt came due when they purchased the same on open account. In fact, Defendants and each of them were insolvent at the time of ordering and at the time of receiving the goods, and had no real purpose, intention or hope of making payment on the account.
 

 [3]
 

 . As was the case in
 
 Shuler,
 
 we leave for another day the question of whether a default judgment meets the actually litigated test for collateral estoppel.
 

 Having determined as a threshold matter that the state proceedings here cannot factually be accorded collateral estoppel effect, the bankruptcy court did not reach, nor do we, the further issue of whether a default judgment meets the "actually litigated" test for collateral estoppel for bankruptcy dischargeability determinations. According to
 
 Spilman v. Harley,
 
 [656 F.2d 224 (6th Cir.1981) ], the preponderant view (citing decisions) is that a default judgment does not through collateral estoppel bar relitigation in the bankruptcy court. 656 F.2d at 228;
 
 see,
 
 to same effect,
 
 Franks v. Thomason
 
 [4 B.R. 814, 821 (Bkrtcy.N.D.Ga.1980)].
 

 Shuler, supra,
 
 722 F.2d at 1257 n. 6.