TATE, Circuit Judge:
In these proceedings under the Bankruptcy Code of 1978, 11 U.S.C. § 101 et seq, the creditor, Tober Saifer Shoe Company (“Tober Saifer”), sought to have a debt owed to it by the debtors, Robert Allman, James Poston, and Pamela Poston, declared nondischargeable under the exceptions to dischargeability set forth in § 523 of the Bankruptcy Code, 11 U.S.C. § 523. The bankruptcy court found the debt to be dis-chargeable, and the district court affirmed. The creditor appeals, primarily contending that the bankruptcy court improperly refused to give collateral estoppel effect to a prebankruptcy state court judgment against the debtors. Finding no merit to the creditor’s contentions, we affirm.
The creditor Tober Saifer filed a complaint in the bankruptcy court to determine the dischargeability of amounts owed to it by the debtors. The creditor alleged that the defendants, in their operation of a retail shoe store, had obtained funds from Tober Saifer by “fraud”, “defalcation while acting in a fiduciary capacity”, “false pretenses”, and “materially false [representations of] financial condition ... made ... with [the] intent to deceive.” For these reasons, Tober Saifer sought to have the debt declared nondischargeable under the provisions of § 523(a)(2) & (4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2) & (4).
In support of its claim of nondischarge-ability, the creditor relied upon Texas state court proceedings that had, prior to the debtors’ bankruptcy petition, resulted in “agreed judgments” in its favor against the debtors. Tober Saifer introduced in the bankruptcy court certified copies of the state court judgments and its state court pleadings. It also had filed in the bankruptcy court itself some requests for admissions of fact from the debtors.
The bankruptcy court held that it could not accord collateral estoppel effect to the state court judgments on the basis of the record of the state court proceedings presented to it, and that the creditor did not otherwise introduce sufficient evidence to support its contention that the debt was nondischargeable. The creditor now appeals these determinations, which were affirmed by the district court.
I
Tober Saifer contends that the bankruptcy court erred in failing to give collateral estoppel effect to the Texas state court judgments against the defendant debtors, because, it argues, the allegations of fraud made by it in its state court complaint were “found to be true” and “adjudicated as facts.” However, the bankruptcy court reviewed the record of the state court proceedings as introduced by Tober Saifer and concluded that the state court judgments did not determine that the debt was incurred through fraud or false pretenses, but rather were limited to the narrow issue of the validity or existence of the indebtedness. Applying the principles of collateral estoppel in bankruptcy dischargeability proceedings as enunciated by this court in Matter of Shuler, 722 F.2d 1253 (5th Cir.1984), we find no error in the bankruptcy court’s collateral estoppel determination.
In Brown v. Felsen, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979), the Supreme Court noted that collateral estoppel principles could, in a bankruptcy dischargeability context, bar relitigation of facts actually and necessarily decided in a prior suit. We have thus held “that collateral estoppel may apply to subsidiary facts actually litigated and necessarily decided” in a prior judicial proceeding, Shuler, supra, 722 F.2d at 1256, though collateral estoppel does not “bar a bankruptcy court from receiving evidence as to facts by which that court may determine the character, and ultimately, the dischargeability of the debt.” Id. at *865 1255; see also Carey Lumber Co. v. Bell, 615 F.2d 370, 377 (5th Cir.1980). Therefore, in eases where the state court judgment “[does] not contain detailed facts sufficient as findings to meet the federal test of nondischargeability”, leaving the bankruptcy court “unable to discern from the record the subsidiary facts upon which the false-pretense allegation was made,” the bankruptcy court may properly refuse to accord collateral estoppel effect to the state court judgment. Shuler, supra, 722 F.2d at 1257-58.
Though the state court pleadings in the present case alleged that the debtors obtained the owed amounts by fraudulent conduct and false pretenses,[1] the state court judgments agreed to by the parties contained no factual determination whatsoever as to the debtors’ alleged fraud. The state court judgment simply stated:
On this day came on to be heard the above styled and numbered cause, and it having been made known to the Court that Plaintiff and Defendants, by and through their respective counsel, have agreed that judgment should be entered for Plaintiff; and the Court having considered the pleadings and the official records of the Court, and being of the opinion that judgment should be entered for Plaintiff as agreed, Plaintiff having advised the Court that it was waiving interest:
It is, accordingly, ORDERED, ADJUDGED and DECREED that Plaintiff, Tober Saifer Shoe Co., have and recover of and from Defendants, Kirby’s Shoe Co., Inc. and Robert Lee Allman both doing business as Kirby’s Shoe Store, jointly and severally, judgment in the total sum of $6,010.93, together with interest thereon from date of judgment at the rate of nine percent (9%) per annum until paid, and for all costs of court in this behalf expended for all of which let execution issue.[2]
(An identically worded judgment was rendered against the defendant Larry Poston.)
Like the bankruptcy court, we can find nothing in the state court judgments against the debtors to suggest that the court necessarily determined that the creditor’s funds had been obtained by false pretenses. Without even a conclusory statement as to the debtors’ false-pretense *866 conduct, which would itself be insufficient if unsupported by actually-litigated subsidiary facts in the record, see Shuler, supra, 722 F.2d at 1257-58, the bankruptcy court did not err in refusing collateral estoppel effect to the agreed upon state court judgments.[3]
II
The creditor Tober Saifer also contends that the nondischargeability of the debt owed to it by the defendant debtors was sufficiently established by the requests for admissions filed by it in the bankruptcy court, as to which it claims the debtors made no response and had thus admitted as fact. In its memorandum opinion, the bankruptcy court expressly found that timely responses to the creditor’s requests for admissions were filed by the debtors’ substitute counsel. We find nothing in the record to suggest that the bankruptcy court abused its discretion in per-, mitting and considering the responses filed by substitute counsel. Moreover, upon a review of the record before the bankruptcy court, we find no clear error in the bankruptcy court’s determination that the creditor Tober Saifer failed to meet its ultimate evidentiary burden of showing the nondischargeability of the debts at issue.[4]
III
In that we find no merit to the creditor Tober Saifer’s contentions on appeal, we AFFIRM the judgment of the district court affirming the judgment of the bankruptcy court.
AFFIRMED.

. The relevant portion of Tober Saifer’s state court complaint reads as follows:
Liability for Debt — Fraudulent Scheme. Defendants, Robert Lee Allman and Larry Po-ston, are also individually liable because of their participation in a fraudulent scheme to hinder, delay or prevent payment of this Plaintiff as a creditor. Defendant, Larry Po-ston, personally consented to and explicitly granted authority to Defendant, Robert Lee Allman, to execute the checks attached hereto. These checks were given to the agents for Plaintiff with the explicit representation that at the time the checks were given, there were sufficient funds in the account on which they were drawn to pay the drafts, and that there was a special arrangement whereby the checks would be made good upon presentment. These representations were made intentionally for the purpose of defrauding Plaintiff, and for purposes of delaying and hindering collection of the debt by Plaintiff against Defendants. As shown on the face of the first check, it was returned insufficient funds (sic) and was not honored after being placed for collection. The agents for Plaintiff were informed that the second check would not be honored by the bank upon presentment, also because of insufficient funds. Because of their participation in this fraudulent scheme to delay and prevent payment to this creditor of Kirby’s Shoe Co., Inc., the individual Defendants are liable for the account indebtedness sued for herein. Additionally, because of the participation of all Defendants in the fraudulent scheme, the court should assess exemplary damages of at least $2,000.00 jointly and severally against said Defendants.

. The creditor claims that the bankruptcy court should have read a "fraudulent conduct” determination into the state court judgments against Allman and Poston because those judgments allegedly contained exemplary damages awarded as a result of the debtors’ fraudulent behavior. The agreed judgments, however, nowhere state that the damages awarded are in part an award of exemplary damages or that the court found fraudulent conduct on the part of the debtors. Therefore, we agree with the bankruptcy court that, in the absence of a specific recital finding fraud on the part of the debtors, we can only assume that "the state court limited itself to a statement of the validity of the indebtedness.”

. Tober Saifer also alleges that the bankruptcy court failed to give "full faith and credit" to the state court judgment as required by 29 U.S.C. § 1738. As we stated in Shuler:
28 U.S.C. § 1738 ... provides in part that state judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the Courts of such State.” The full faith and credit due a state court judgment is of course manifested by the res judicata or collateral estoppel effect accorded to that judgment. See Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415-16, 66 L.Ed.2d 308 (1980). Where, as in bankruptcy, the res judicata or collateral estoppel effect of state court judgments has been limited by competing federal interests, see Brown v. Felsen, supra, 442 U.S. at 136-37, 99 S.Ct. at 2211-12, the full faith and credit owing to the state court judgment may be correspondingly limited. Since the courts below properly assessed the collateral estoppel effect of the state court judgment in the present federal bankruptcy case, the full faith and credit principles of § 1738 have not been violated.
Shuler, supra, 722 F.2d at 1258 n. 10.

. The creditor also challenges the bankruptcy court’s refusal to place a constructive trust on the debtors’ property that was allegedly purchased with the "fraudulently obtained” funds. Because we find that the bankruptcy court did not clearly err in concluding that the debts were dischargeable in that no false-pretense or fraudulent conduct was shown pursuant to 11 U.S.C. § 523(a)(2) & (4), we find no error in its refusal to place a constructive trust on the debtors’ property.