**In re Byron K. and Marie S. TURNER, Debtors.**

**EPIC REALTY SERVICES, INC., Plaintiff,**

v.

**Byron K. TURNER, Defendant.**

**Bankruptcy No. 86–01067–BKC–TCB.**
**Adv. No. 87–0397–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 2, 1987.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

Howard Raab, Ft. Lauderdale, Fla., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Plaintiff seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A) for its judgment claim of $18,391. Defendant did not answer, but appeared without his bankruptcy attorney at the trial held October 6. I have accepted his oral denial of all the material allegations as his answer and heard his verbal response and testimony.

### Timeliness of the Complaint

Though not raised by the debtor, I have considered the timeliness of this com-

plaint. The deadline for adversary proceedings such as this one was July 21, 1986. This complaint was filed 13 months after the deadline. However, this creditor was not scheduled by the debtor as a creditor, is not listed on the creditor matrix, and therefore never received a copy of the Order setting the deadline.

The creditor obviously had actual notice of the bankruptcy filing, because it moved in this court for and obtained stay relief on August 27, 1986. It was authorized by Judge Cristol's Order to proceed to judgment in a State court action pending since 1985 against the debtor. The Order further provided that:

> "any execution upon such Judgment obtained by EPIC REALTY SERVICES, INC. shall be stayed, pursuant to 11 U.S. C. § 362(a), pending this Court's determination of the dischargeability thereof."

The deadline for this action had expired a month before this Order was entered.

Judge Cristol impliedly extended the deadline for this complaint. I conclude, therefore, that it is not precluded by the bar date.

### Collateral Estoppel

█ Plaintiff relies exclusively on the State court judgment it obtained on July 20, 1987 for the amount noted above. The judgment contains no factual findings, but recites that it is entered "pursuant to Counts I and II".

Count I is for breach of four 1985 contracts to repaint the exterior of houses. Count II alleges that:

> "TURNER knowingly accepted the advance payments from EPIC with the conscious knowledge that he would not perform the work in a workmanlike condition, nor would the work be completed within the time frame specified in the written agreements. The actions of TURNER hereinabove described were done by him knowingly, maliciously and with the specific purpose and intent of defrauding EPIC of the monies advanced."

The debtor, though served and though then represented by bankruptcy counsel, did not answer. A default was entered. He and his attorney were subsequently served with notice of the trial. The debtor did not appear or defend the case, upon the advice of his attorney (he tells us), who said: "Let them work for it." Though he now admits his default on several of the contracts, he attributes it to manpower problems and rain and denies any intent to defraud the plaintiff. In fact, he spent most of the funds he received for labor and materials on these jobs and would have completed them if given the additional time he requested.

The issue before me is one as to which this court has exclusive jurisdiction. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, collateral estoppel is applicable in such cases to bar the relitigation of facts which are relevant here if three requirements are met:

> "(1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue have been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action." *In re Held*, 734 F.2d 628, 629 (11th Cir.1984).

The factual issue before me under § 523(a)(2)(A), whether the debtor obtained money from the plaintiff by "actual fraud", was the issue presented by Count II in plaintiff's State court action.

However, plaintiff has not shown that the issue was actually litigated before the State court judge nor that it was a critical and necessary part of the judgment in that earlier action.

The judgment was entered after entry of a default and in the absence of the defendant and his attorney. The recital in the judgment that it is "pursuant to Counts I and II" falls short of any factual finding of actual fraudulent intent and may be interpreted as nothing more than the State court's recognition that the monetary relief was identical in these two counts and was fully supported in Count I. The judgment

might well have been entered solely upon the allegations in Count I.

This inference is buttressed by the court's treatment of Count III, which repeated the allegations of Count II and prayed for treble damages under § 812.035(7), Florida Statutes. Plaintiff was entitled to treble damages had he proved the allegations in Count II which he repeated in Count III. The State court *denied* relief under Count III.

The function of collateral estoppel is to avoid unnecessary judicial labor in retrying a factual issue already fully and fairly litigated between the parties in another court. I do not believe that was the case here.

The question of whether to give collateral estoppel effect to a state court default judgment as it specifically relates to the issue of dischargeability in bankruptcy has been addressed by several circuits and it is uniformly held that:

> "[i]f the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981).

*See also Matter of Lombard*, 739 F.2d 499, 502 (10th Cir.1984); 469 U.S. 1086 (1984); *Matter of Shuler*, 722 F.2d 1253, 1257-58 (5th Cir.), *cert. denied*, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984).

I have not overlooked *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1031 n. 27 (5th Cir. 1982) relied upon by plaintiff as a holding that "actually litigated" for collateral estoppel purposes always includes a default judgment. Plaintiff reads more into Judge Godbold's footnote than the court said. It merely recognized that:

> "The *res judicata* effect of a default judgment on jurisdictional defects is an unsettled question.... Because there is no definitive law on the question the merit of Fred's omitted defense was not so plain or obvious that it is manifest injustice not to consider the defense."

I find, therefore, that defendant is not collaterally estopped to litigate here the charge against him of actual fraud and I find that there was no fraud in the debtor's defaults upon his contracts. As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice.