In re Ruben H. JOHNSON, Debtor.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for United Bank of Texas, Plaintiff,**

v.

**Ruben H. JOHNSON, Defendant.**

**Bankruptcy No. 87–10020FM.**
**Adv. No. 88–1123FM.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Nov. 24, 1989.

Richard L. Fuqua, Wood, Lucksinger & Epstein, Houston, Tex., for debtor.

Steven R. Hake, Austin, Tex., for plaintiff.

Kenneth D. Holt, Midland, Tex., Trustee.

MEMORANDUM OPINION

FRANK R. MONROE, Bankruptcy Judge.

On May 17, 1988, the Federal Deposit Insurance Corporation ("FDIC") filed a Complaint pursuant to 11 U.S.C.

§§ 523(a)(2)(A) and 523(a)(4) to Determine Dischargeability of a Debt owed by Ruben H. Johnson. The Complaint was subsequently amended upon leave of Court on May 24, 1989, to include 11 U.S.C. § 523(a)(6) as an additional grounds for non-dischargeability of the debt.

## FACTUAL BACKGROUND

Ruben H. Johnson had formerly served as Chairman of the Board of Directors and Chief Executive Officer of the United Bank of Texas, Austin, Texas ("Bank"). On January 5, 1987, Ruben Johnson filed for relief under Chapter 11 of the Bankruptcy Code. This case was converted to Chapter 7 on July 12, 1989. The Bank was declared insolvent and closed by the State of Texas on June 7, 1987. The FDIC was appointed receiver for the Bank.

On September 6, 1988, the debtor was indicted on thirteen counts of embezzling, abstracting, purloining or willfully misapplying funds of a Federal Reserve Bank while serving as an officer, director, or employee of that Bank in violation of 18 U.S.C. § 656.

On April 24, 1989, after a full trial on the merits, the debtor was found guilty on all thirteen counts. Among the various charges of which the debtor was found guilty, was that the debtor had received kickbacks from contractors who had provided construction services for the Bank.

The FDIC filed a Motion for Partial Summary Judgment on October 10, 1989, in the instant proceeding seeking a determination from the Court that those debts in the amount of $396,722.00 resulting from the kickbacks received by the debtor were non-dischargeable on the basis that the debtor is collaterally estopped from relitigating issues that were already determined at the criminal trial. In particular, the FDIC contends that the criminal trial of the debtor established that the debtor committed "fraud or defalcation while acting in a fiduciary capacity", that the debtor committed "embezzlement", and that the debtor's actions constituted "willful and malicious injury by the debtor to another entity or to the property of another entity" within

meaning required by 11 U.S.C. §§ 523(a)(4) and (a)(6). As support for its Motion the FDIC has submitted true and correct copies of the entire trial transcript consisting of three volumes, as well as the Grand Jury Indictment, "Court's Instructions to the Jury", Verdict of the Jury, Judgment and Probation Commitment Order, and various Government Exhibits from *United States of America v. Ruben Johnson,* Criminal Cause No. A–88—CR–104 (the "Criminal Case"), and the answers of debtor to written interrogatories propounded in *J. Hiram Moore, Ltd., and Davis & Davis v. Ruben H. Johnson,* 126th Judicial District Court of Travis County, Texas, 126th Judicial District, Cause No. 387,553.

The Court has taken the Motion for Partial Summary Judgment under advisement. As of this date no response from the debtor has been received by the Court. The Court has jurisdiction over this matter as a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## ISSUES PRESENTED

*Issue 1:* Whether the debtor is collaterally estopped from litigating the issue of whether he committed fraud and defalcation in a fiduciary capacity under 11 U.S.C. § 523(a)(4) since he was convicted on 13 counts of willful misapplication of bank funds in violation of 18 U.S.C. § 656?

*Issue 2:* Whether the debtor is collaterally estopped from litigating the issue of whether embezzlement under 11 U.S.C. § 523(a)(4) since he was convicted on 13 counts of willful misapplication of bank funds in violation of 18 U.S.C. § 656?

*Issue 3:* Whether the debtor is collaterally estopped from litigating the issue of whether he committed willful and malicious injury to the Bank under 11 U.S.C. § 523(a)(6) since he was convicted on 13 counts of willful misapplication of bank funds in violation of 18 U.S.C. § 656?

## CONCLUSIONS OF LAW

I. *Collateral Estoppel.*

In determining whether collateral estoppel is appropriate to apply to the case at hand, the Court follows the ruling of the

Fifth Circuit in *Matter of Shuler*, 722 F.2d 1253 (5th Cir.1984), cert. denied, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984); *Matter of Poston*, 735 F.2d 866 (5th Cir. 1984); and, *Matter of Allman*, 735 F.2d 863 (5th Cir.1984). As most recently articulated by the bankruptcy court in *Zervas v. Nix (In re Nix)*, 92 B.R. 164 (Bankr.N.D. Tex.1988), collateral estoppel may be correctly applied to preclude relitigation of factual issues already decided at a trial on the merits, and that previous fact determination may serve as the basis for the bankruptcy court's decision regarding the non-dischargeability of a debt under the Bankruptcy Code provisions. See also, *Matter of Church*, 69 B.R. 425 (Bankr.N.D.Tex. 1987).

First, the Court must have access to the complete record of the previous trial.

"The *Shuler* court cautioned that the prior record must be sufficiently detailed to enable the bankruptcy court to ascertain the subsidiary facts that were actually litigated and necessarily determined by the prior court. If the prior record sufficiently established the subsidiary facts on which the judgment was based, the court then independently determines whether these subsidiary facts establish the elements of non-dischargeability as defined by federal bankruptcy law." (Citations omitted).

*Nix*, supra at 166.

The entire trial transcript of the Criminal Case, as well as the Court's Instructions To The Jury, the Verdict of the Jury, the Judgment and Probation Commitment Order, and various Government Exhibits relating to the kickback charges, and answers of debtor to written interrogatories in related state proceedings are before this Court as supporting documentation to Plaintiff's Motion for Partial Summary Judgment; accordingly, there exists a sufficiently detailed record from which the Court may extrapolate the subsidiary facts underlying the debtor's conviction for violating 18 U.S.C. § 656.

Next, the Court must examine the subsidiary facts in the light of whether,

"(i) the issue to be precluded [is] identical to that involved in the prior action, (ii) in the prior action the issue [has] been actually litigated, and (iii) the determination made of the issue in the prior actions [was] necessary to the resulting judgment." (Citations omitted).

*Nix*, supra at 167 [citing *Shuler*, supra at 1256]. See also, *White v. World Finance of Meridian, Inc.*, 653 F.2d 147 (5th Cir. 1981).

A scrutiny of the elements of an offense under 18 U.S.C. § 656 reveals that certain specific elements must be established in order to obtain a conviction. They are: (1) the accused is or was an officer, director, agent or employee of a bank; (2) the bank was in some way connected with a national or federally insured bank; (3) the accused willfully misapplied the monies or funds of the bank; (4) the accused acted with the intent to injure or defraud the bank. *U.S. v. Farrell*, 609 F.2d 816 (5th Cir.1980); *U.S. v. Brock*, 833 F.2d 519 (5th Cir.1987).

Prior to the conviction in the Criminal Case, the jury was given the following instructions:

*First:* That the Defendant was an officer or director of the bank described in the indictment;

*Second:* That the bank was a federally insured bank at the time alleged;

*Third:* That the Defendant knowingly and willfully misapplied funds or credits belonging to the bank or entrusted to its care;

*Fourth:* That the amount of money taken was more than $100.00.

To 'willfully misapply' a bank's money or property means an intentional conversion of such money or property for one's own use and benefit, or for the use and benefit of another, knowing that one had no right to do so.

To act with 'intent to defraud' means to act with intent to deceive or cheat.

Neither the phrase 'willfully misapply' nor 'intent to defraud' necessarily connotes an evil desire or a motive for causing injury. Deliberate misapplication of bank funds suffices, even if the actor is motivated purely by his own self-interest

or that of another and wishes no harm to anyone. The term 'willful' means only that the actor knows and intends what he is doing. The government proves the requisite intent to defraud or injure the bank by showing an act knowingly done, the natural tendency of which may have been to injure or defraud the Bank.

The word 'knowingly', as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident."

The conviction of the debtor at the trial of the Criminal Case has established that the debtor committed the acts set forth in the instructions to the jury in the capacity and with the intent stated therein.

Finally, applying *Shuler,* this Court must independently decide whether the elements which were sufficient to convict under 18 U.S.C. § 656 are the same as those necessary to establish non-dischargeability under Sections 523(a)(4) and (a)(6) of the Bankruptcy Code.

II. *11 U.S.C. § 523(a)(4)—Fraud or Defalcation in a Fiduciary Capacity.*

■ The FDIC alleges that the same subsidiary facts upon which the debtor's criminal conviction was based also sustain a finding that the debtor committed fraud and/or defalcation while in a fiduciary capacity. Therefore, the FDIC must first prove that the conviction of the debtor in the Criminal Case was based upon a finding that a fiduciary relationship existed between the debtor and the Bank in the same degree as is required by 11 U.S.C. § 523(a)(4).

This issue was considered and decided affirmatively by the bankruptcy court in *Federal Deposit Insurance Corporation v. Wright (In re Wright),* 87 B.R. 1011 (Bankr.D.S.D.1988). In *Wright* the debtor was convicted by a federal court for infractions of the same federal statute that the debtor violated in the case at hand. The FDIC sought and obtained summary judgment against the debtor as to the issue of the non-dischargeability of the debtor's debt under 11 U.S.C. § 523(a)(4). The *Wright* court found that a bank officer and director owed a fiduciary duty to the bank as a matter of law under both the applicable state statute (citing various Iowa state court opinions) and the Federal Deposit Insurance Corporation Act, specifically 12 U.S.C. § 1818(e)(1).[1] The court stated,

"... the federal statutes on federally insured banks *impliedly* recognize the fiduciary duty of bank directors and officers to the bank." (Emphasis added). *Wright,* supra at 1018. The court in the *Wright* case also relied on *Brickner v. Fed. Deposit Ins. Corp.,* 747 F.2d 1198 (8th Cir. 1984), a non-bankruptcy case based on a breach of 12 U.S.C. § 1818, in determining that bank officers and directors owe a fiduciary duty to the bank.

However, the fact that bank officers and directors owe a general obligation of good faith, confidence, and trust to their respective banks does not necessarily mean that general fiduciary duty is owed pursuant to a "technical trust ... which must exist prior to the act creating the debt and without reference to the act" as is required by the Fifth Circuit. See, *Angelle v. Reed,* 610 F.2d 1335, 1338 (5th Cir.1980); also, *First National Bank of Midlothian v.*

---

1. 12 U.S.C. § 1818(e)(1) states,

"[w]henever, in the opinion of the appropriate Federal banking agency, any director or officer of an insured bank has committed any violation of law, rule, or regulation or of a cease-and-desist order which has become final, or has engaged or participated in any unsafe or unsound practice in connection with the bank, or has committed or engaged in any act, omission, or practice which constitutes a breach of his fiduciary duty as such director or officer, and the agency determines that the bank has suffered or will probably suffer substantial financial loss or other damage or that the interests of its depositors could be seriously prejudiced by reason of such violation or practice or breach of fiduciary duty or that the director or office [2] has received financial gain by reason of such violation or practice or breach of fiduciary duty, and that such violation or practice or breach of fiduciary duty is one involving personal dishonesty on the part of such director or officer, or one which demonstrates a willful or continuing disregard for the safety or soundness of the bank, the agency may serve upon such director or officer a written notice of its intention to remove him from office."

*Harrell (In re Harrell)*, 94 B.R. 86, 90 (Bankr.S.D.Tex.1988). Further,

> "Federal courts have found that the general definition of fiduciary—a relationship involving confidence, trust and good faith—is too broad in the dischargeability context. *In re Angelle*, 610 F.2d 1335, 1338–39 (5th Cir.1980). Consequently, federal courts have limited the fiduciary relationship contemplated in section 523(a)(4) to one arising out of a pre-existing express or technical trust, not implied, resulting, or constructive trusts. *In re Romero*, 535 F.2d 618 (10th Cir. 1976); and *In re Talcott*, 29 B.R. 874 (Bankr.D.Kan.1983)."

*Arnett v. Weiner (In re Weiner)*, 95 B.R. 204, 206 (Bankr.Kan.1989). Accord, *Kraemer v. Crook*, 94 B.R. 207 (N.D.Ga. 1988); and, *Liberty National Bank v. Wing (In re Wing)*, 96 B.R. 369 (Bankr.M. D.Fla.1989). But see, *Kimmle v. Cramer (In re Cramer)*, 93 B.R. 764 (Bankr.M.D. Fla.1988).

This Court declines to follow the conclusion of the court in *Wright*, and follows the Fifth Circuit rationale in *Angelle*. 12 U.S.C. § 1818 does not create express trust, although certainly a general fiduciary obligation exists. *Matter of Boyle*, 819 F.2d 583 (5th Cir.1987); declining to follow, *Capital Aggregates v. Waters (In re Waters)*, 20 B.R. 277 (Bankr.W.D.Tex.1982).

Additionally, the transcript and the jury instructions of the Criminal Case reflect that neither the existence nor the extent of the debtor's fiduciary duty was either addressed in the instructions to the jury or litigated by the parties. Accordingly, a finding of a violation of a fiduciary duty of the nature required by 11 U.S.C. § 523(a)(4) was not one of the elements essential to the conviction of the debtor under the federal criminal statute.

The Court, therefore, concludes that the doctrine of collateral estoppel does not preclude litigation before this Court of the issue of the nature and extent of the fiduciary duty of the debtor to the Bank as measured by the requirements of 11 U.S.C. § 523(a)(4) and FDIC's Motion for Partial Summary Judgment on this ground is denied.

### III. *11 U.S.C. § 523(a)(4)—Embezzlement.*

The FDIC contends that the criminal conviction of the debtor is based on the same elements necessary to support a nondischargeability complaint for embezzlement under 11 U.S.C. § 523(a)(4).

The bankruptcy court in *Harrell* defined embezzlement as used in 11 U.S.C. § 523(a)(4) as,

> "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. *In re Buhay*, 77 B.R. 561 (Bankr.W.D.Tex.1987); *In re Shinew*, 33 B.R. 588, 592 (Bankr.N.D.Oh. 1983)."

*Harrell*, supra at 90. Additionally, it stated that,

> "The elements to be proven to make out a case of embezzlement are:
> (1) appropriation of funds by the debtor,
> (2) for the debtor's use or benefit,
> (3) with fraudulent intent."

*Harrell*, supra at 91.

The debtor was convicted on thirteen counts of willfully misapplying funds belonging to the Bank.

The standard of proof at the criminal trial was "beyond a reasonable doubt", a higher criteria than that required under the "clear and convincing" standard employed in dischargeability questions. *Church*, supra at 429; *Harrell*, supra at 91.

To "willfully misapply" was defined in the jury instruction in the Criminal Case as an intentional conversion of money or property of the Bank for one's own use and benefit. The conviction by the jury that the debtor knowingly and willfully misapplied funds belonging to the creditor satisfactorily meets the proof requirements of the first two elements of embezzlement under 11 U.S.C. § 523(a)(4) as set out in *Harrell*.

The third element of embezzlement, "fraudulent intent", was defined in part in

*Harrell* as "an intention to deceive another person, ...". *Harrell,* supra at 91. That definition is substantially the same as that defined in the jury instruction in the Criminal Case as "intent to defraud", i.e. to act with intent to deceive or cheat.

Thus, this Court finds that all three elements of embezzlement under 11 U.S.C. § 523, are identical to those involved in the Criminal Case, that they were actually litigated in the Criminal Case, and that their determination was necessary to the resulting judgment.

The Court, therefore, concludes that the doctrine of collateral estoppel does preclude the litigation before this Court of the issue of whether the debtor committed embezzlement from the Bank within the meaning of 11 U.S.C. § 523(a)(4). Summary judgment will be granted the FDIC on this ground.

## IV. *11 U.S.C. § 523(a)(6)—Willful or Malicious Injury.*

■ 11 U.S.C. § 523(a)(6) requires a finding of (1) willful and malicious injury, (2) by the debtor, (3) to another entity or to the property of another entity.

The second and third elements, as well as the prerequisite "injury", were litigated in the Criminal Case as the conviction was based on the court's instruction to the jury that "to 'willfully misapply' a bank's money or property means an intentional conversion of such money or property for one's own use and benefit ..." and, that "[the] government proves the requisite intent to defraud or injure the bank by showing an act knowingly done, the natural tendency of which may have been to injure or defraud the Bank."

The bankruptcy court in the *Wright* case, did not grant the FDIC's Motion for Summary Judgment on non-dischargeability of the debt under 11 U.S.C. § 523(a)(6). The court did not discuss whether the injury had been shown to have been committed by the debtor to another entity or to the property of another entity. Instead the court followed the case law in the Eighth Circuit which had prescribed that a greater burden was required for establishing malice under

11 U.S.C. § 523(a)(6) than for conviction under 18 U.S.C. § 656 in *Barclays American/Business Credit (In re Long),* 774 F.2d 875 (8th Cir.1985).

"The Eighth Circuit concluded that a heightened level of culpable conduct must be found, going beyond reckless disregard of the entity's economic interests and expectancies."

*Wright,* at 881.

The court in *Wright* also found that

"... [a]lthough Wright's criminal conviction would establish the requirement of willfulness, it does not establish that the acts were done with malice."

*Wright,* supra at 1019.

In the Fifth Circuit the definitions of "willful" and "malicious" with regard to dischargeability that are set forth in *Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241 (5th Cir.1983) and *Chrysler Credit Corporation v. Perry Chrysler Plymouth, Inc.,* 783 F.2d 480 (5th Cir.1986) differ in degree from that of the Eighth Circuit in the *Long* case. Accord (with the Fifth Circuit), *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257 (11th Cir.1988); *St. Paul Fire & Marine Insurance Co. v. Vaughn,* 779 F.2d 1003 (4th Cir.1985).

" 'Willful', as used in § 523(a)(6), means deliberate or intentional. 'Malicious', as used, means in conscious disregard of one's duties, or without just cause or excuse, and does not require ill will or specific intent to do harm."

*Norton v. Dean (In re Dean),* 79 B.R. 659, 662 (Bkrtcy.N.D.Tex.1987). See also, *Nix,* supra.

Here, examination of the jury instructions in the Criminal Case discloses that the element of "willful" was an essential element leading to the criminal conviction of the debtor and that it was clearly litigated.

With regard to "malice", specific malicious intent is not required under 11 U.S.C. § 523(a)(6), only that the action was taken with a conscious disregard of one's duties or without just cause or excuse. *Dean,* supra; *Nix,* supra; *Seven Elves,* supra. The jury in the Criminal Case was instructed by the court in relevant part that,

"The government proves the requisite intent to defraud or injure the bank by showing an act knowingly done, the natural tendency of which may have been to injure or defraud the Bank."

The issue is whether this definition has substantially the same meaning as the phrase, "... in conscious disregard of one's duties, or without just cause or excuse, ...".

This Court finds that it does and that when the jury in the Criminal Case convicted the debtor upon the instruction set forth above it also determined that the debtor acted with a conscious disregard for his duties, or without just cause or excuse. Therefore, malice, as defined by the Fifth Circuit in the *Seven Elves* case, has been shown.

The issue having already been litigated, summary judgment for the plaintiff on the issue of the non-dischargeability of the debt under 11 U.S.C. § 523(a)(6) is appropriate.

### RULING

Based on the foregoing Findings and Conclusions made pursuant to Bankruptcy Rule 7052, Plaintiff's Motion for Partial Summary Judgment is granted and the debt of the debtor to the FDIC in the amount of $396,722.00 resulting from kickbacks received by the debtor as set forth in the Motion is hereby determined to be non-dischargeable under 11 U.S.C. § 523(a)(4) and § 523(a)(6). A separate Order pursuant to the Court's Memorandum Opinion will be entered of even date herewith.