**In re Kenarth P. TOLEIKIS, Debtor.**

**Stanley GROAT, Plaintiff,**

**v.**

**Kenarth P. TOLEIKIS, Defendant.**

**Bankruptcy No. 80–00920.**

**Adv. No. 80–0552.**

United States Bankruptcy Court, E. D. Michigan, S. D.

May 7, 1982.

Judson B. Robb, Wyandotte, Mich., for plaintiff.

Charles E. Raymond, Wyandotte, Mich., for defendant.

OPINION

RAY REYNOLDS GRAVES, Bankruptcy Judge.

The issue presented in this adversary proceeding is simply stated: Does 11 U.S.C. Section 523(a)(2)(A) except a debt from dis-

charge where the Debtor obtains an unsecured personal loan to purchase a motor vehicle, subsequently sells said motor vehicle and uses the proceeds from the sale to purchase a second vehicle, giving a security interest therein to the third party creditor?

This Court finds that the Plaintiff Creditor has not shown by clear and convincing evidence that the Defendant Debtor obtained the unsecured personal loan from Plaintiff under false pretenses so as to render the debt to Plaintiff non-dischargeable under Section 523(a)(2)(A) of the Code.

This adversary proceeding comes before this Court upon Plaintiff Stanley Groat's [hereinafter "Plaintiff"] Trial Memorandum and Brief, Defendant Kenarth P. Toleikis' [hereinafter "Defendant"] Responsive Memorandum of Law, Plaintiff's and Defendant's Joint Motion for Summary Judgment, and depositions of both parties. The statement of facts giving rise to this cause are as follows.

On December 9, 1976, Plaintiff loaned Defendant, his then son-in-law, $5,206.95 to enable the latter to purchase a 1976 Ford Van. This unsecured personal loan was in the form of a negotiable instrument tendered directly to the seller dealership; Plaintiff made a notation on the face of the check to the effect that the amount so advanced constituted a personal loan to Defendant. Title to the purchased vehicle was solely in Defendant's name.

On or about November 25, 1977, Defendant began working for Plaintiff, and a weekly sum of $25 was deducted from Defendant's paycheck and remitted to Plaintiff pursuant to the parties' repayment agreement. This relationship terminated, along with the weekly $25 payments, sometime in January, 1978. Thereafter, on January 19, 1980, Defendant sold the 1976 Ford Van and purchased a 1977 Dodge Van.[1] To finance this purchase Defendant obtained either a $6,000 loan or a $7,800 loan[2] from Wyandotte Government Credit Union; a second mortgage on real estate and the 1977 Dodge Van were given as security for this loan. Finally, Defendant filed this Chapter 7 proceeding on February 27, 1980, listing Plaintiff as an unsecured creditor.

Section 523(a)(2)(A) excepts from discharge loans obtained under false pretenses, fraudulent representations, or by actual fraud. Specifically, that Section provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . . .

Thus, in order for a debt to be found nondischargeable under this provision, the creditor must show by clear and convincing evidence that the following were true at the time the money was obtained: (1) the debtor employed means to obtain the money which he knew were false, or which were in reckless disregard for the truth; (2) the debtor must have subjectively intended to deceive or otherwise wrongfully induce the creditor into advancing a sum of money to him; (3) the creditor actually relied upon such misrepresentations; and (4) such reliance was reasonable and consistent with that of a reasonably prudent person. *In the Matter of Schnore*, 13 B.R. 249, 252 (Bkrtcy. D.Wis.1981).

---

1. There is conflicting deposition testimony as to whether Defendant sold the 1976 Ford Van to purchase a Ford Window Van, and then sold that vehicle to purchase the 1977 Dodge Van. This conflict, however, will not affect this cause of action since the threshold question requires fraud at the time the money is obtained.

2. The deposition testimony is conflicting as to the amount of the loan from Wyandotte Government Credit Union. The deposition of Plaintiff elicits testimony to the effect that $7,800 was loaned, while the deposition of Defendant states the $6,000 figure; the parties have not stipulated to any single figure, but we are of the opinion that the particular dollar amount is not of consequence to the action.

*Fraudulent or Reckless Misrepresentations*

Although Plaintiff at bar is relying upon Section 523(a)(2)(A) as the basis for his cause, nothing can be deduced from the evidence presented to constitute a clear and convincing showing of the threshold question, namely, was money obtained under false pretenses *at the time of the making of the loan*? Counsel for Plaintiff takes several stabs at this showing, but each time misses the mark; numerous allegations are made that Defendant's acts of purchasing the 1977 Dodge Van in part with the proceeds from the sale of the 1976 Ford Van constitute "moral turpitude or intentional wrong-doing [sic]" within the meaning of Section 523(a)(2)(A). Plaintiff failed to show that Defendant made any representations amounting to fraud at the time of the making of the loan. In fact, Plaintiff has readily conceded that a repayment agreement was formulated and carried out for a certain period of time, although the payments ceased prior to the satisfaction of the obligation. The Court is unwilling to engage in a strained interpretation of the plain meaning of the statute, or to deviate from sound case authority.

In *In re Huckins*, 17 B.R. 620 (Bkrtcy.D. Me.1982), plaintiff husband and wife purchased a home from defendant debtor, said home being constructed on a parcel of land which formerly served as a waste dump site. After the home was purchased and the plaintiffs settled in, but before the closing, they noticed a foul odor and taste in their drinking water. Upon notification of this problem, the Defendant repeatedly assured the plaintiffs that all that was needed was a "flushing" of the well. After numerous such assurances the problem still remained, whereupon the plaintiffs themselves attempted to flush the well and pipes. When this proved ineffective the plaintiffs again complained to defendant, who then gratuitously installed a water softener and engaged a contractor to cut off a vein in the well. None of these actions, however, remedied the odiferous water problem.

Plaintiffs filed their complaint after defendant had filed bankruptcy and attempted to get its debt discharged. The court found that "the evidence is clear and convincing that the Debtor knew that the water ... had a foul odor and taste.... *In order to induce the Plaintiffs to purchase the house* he falsely and fraudulently ... assured them that merely flushing the system would cure the problem...." *In re Huckins*, 17 B.R. at 624 (1982) (emphasis supplied). The plaintiffs carried their burden of proof through the deposition testimony of their next-door neighbor who testified that she had used the water from the plaintiffs' well throughout the entire summer before the plaintiffs signed the purchase agreement, that the water was "stinky water," and that it "smelled up the whole area" when the lawn sprinkler was on. *Id.* at 623. Additionally, the well driller testified that "the Plaintiffs' well was the first one drilled within the development ... [and] that the Debtor was concerned about the old dump site and the obtaining of potable water." *Id.* The plaintiffs thus showed by clear and convincing evidence that the defendant fraudulently misrepresented the condition of the premises for the purposes of wrongfully inducing the plaintiffs to enter into a purchase agreement for the house; therefore, the debt was held non-dischargeable under Section 523(a)(2)(A) of the Code.

In the case under consideration, not only has Plaintiff failed to show a fraudulent misrepresentation at the time of the making of the loan, but Plaintiff has also failed to even attempt such a showing; the Plaintiff's Complaint and Trial Brief are bereft of any such allegation, and so too, are the depositions of both Defendant and Plaintiff. This Court therefore finds that because Plaintiff has not shown by clear and convincing evidence that Defendant obtained the loan for the purchase of the 1976 Ford Van under false pretenses or by fraudulent means, such debt cannot be excepted from discharge under Section 523(a)(2)(A).

An Order will be entered in accordance with this Opinion.