In re John G. BUHAY, Debtor.

**Lyndon WATSON, et al.**

**v.**

**John G. BUHAY and Martin W. Seidler, Interim Trustee.**

**Bankruptcy No. 5–85–00798–E.**
**Adv. No. 5–85–0206E.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Sept. 18, 1987.

Kay Mary Kober Harrell, San Antonio, Tex., for debtor.

Don Saunders, San Antonio, Tex., for plaintiffs.

## MEMORANDUM OPINION

LARRY E. KELLY, Bankruptcy Judge.

This adversary proceeding was initiated by Lyndon Watson and wife, Michelle Watson, J.W. Smith and Eddie Chew on or about December 13, 1985, complaining of John G. Buhay, ("Debtor" or "Defendant") and seeking to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4). The Court having considered the evidence presented to it makes the following find-

ings of fact and conclusions of law as required by Bankruptcy Rule 7052. The Court finds that it has jurisdiction over this proceeding as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND

The plaintiffs are each individual school teachers employed by the San Antonio Independent School District and they reside in San Antonio, Bexar County, Texas. The plaintiffs are joint and several judgment lien Creditors of the Debtor John G. Buhay, Debtor in this Chapter 7 case.

Prior to the filing of the Chapter 7 bankruptcy the plaintiffs recovered a default judgment against the Debtor and it is this judgment which they seek to protect. The plaintiffs express an interest in the constructive trust or security interest position they have in a pending law suit filed by the Debtor prior to bankruptcy and in which they have intervened based upon this default judgment. The genesis of this action commenced with funds which the individual plaintiffs entrusted to the care of the Debtor to "invest" for them in the stock market. These funds apparently have been lost in toto. This loss was the basis of the state court action which resulted in the default judgment. This Court, after reviewing all the evidence, finds the following issues.

## ISSUES PRESENTED

1. Whether the Court should give collateral estoppel effect to all of the findings of the prepetition default judgment.

2. The enforceability of the constructive trust and/or lien position because of pre-petition actions taken by the plaintiffs based upon the default judgment.

3. Whether or not the claims of the plaintiffs are excepted from discharge within the meaning of 11 U.S.C. § 523(a)(4).

## FINDINGS OF FACT

1. On or about the 25th day of July 1984 plaintiffs obtained a judgment in the 150th Judicial District Court of Bexar County, Texas in cause No. 84–CI–08240 in the total sum of $86,000 plus interest and

court costs. Said judgment was in the sum of $51,000 as liquidated, actual damages and $35,000 exemplary damages.

2. The judgment recites that the defendant, John G. Buhay "in a fiduciary capacity, as trustee, for stock investments, comingled and/or converted such monies placed in his trust and possession by plaintiffs" with resulting loss to plaintiffs in the actual sum of $51,000.

3. The judgment further ordered that a constructive trust be imposed on monies placed with John G. Buhay, the proceeds therefrom, assets, tangible or intangible, wherever same may be found. The judgment further recited that plaintiffs should be entitled to such rights and remedies to enforce such constructive trust as may be provided through state or federal proceedings.

4. The evidence shows that the three plaintiffs were school teachers employed by the San Antonio Independent School District. They met the defendant, who was also a school teacher employed by the San Antonio Independent School District with all of them employed at Luther Burbank High School.

5. In or about September 1983 the parties met with defendant Buhay who advised them that he had a plan for investing funds in newly issued stocks. In September and October 1983 plaintiff Smith delivered to defendant Buhay the sum of $25,000, plaintiff Watson and wife delivered to defendant Buhay the sum of $22,000, and plaintiff Chew delivered to defendant Buhay the sum of $4,000. The only written document executed by and between the parties was a receipt. The receipts stated as follows:

A. Receipt to plaintiff James Smith, dated September 19, 1983

"To whom it May Concern: This letter will serve as verification that Mr. James Smith gave me the sum of $25,-000 for the purpose of stock investment. If after the expiration of 180 days, a suitable investment of said sum is not made, then Mr. Smith will have the sum refunded should he so desire.

Sincerely, John G. Buhay"

B. Plaintiff Lyndon Watson and wife, dated September 22, 1983.

"I, John G. Buhay, of San Antonio, Texas, hereby acknowledge receipt of the sum of $20,000 (twenty thousand dollars) for investment purposes from Mr. Lyndon and Mrs. Michelle Watson. If after the expiration of one hundred eighty (180) days, a suitable investment of said sum is not made, then in that event said sum of $20,000 shall be returned to Mr. Lyndon Watson and Mrs. Michelle Watson.

John Buhay"

C. Mr. Eddie Chew.

No receipt for the funds of Mr. Chew was introduced into evidence.

5. In the state court proceedings discovery was taken and portions of a deposition of defendant Buhay dated February 13, 1985 were introduced into evidence. In pertinent part the deposition recited that the $51,000 described above was received by the Debtor, $39,000 was invested in a stock known as Hirsch-Chemie Limited and $12,000 remitted to a Ms. Multa in New York City for investment in a stock. Of the $39,000 invested in Hirsch-Chemie Limited the sums of $4,881.56, $4,329.37 and $4,155 was returned to the defendant after the stock had plummeted in price and the defendant decided to bail out. The total of the returned funds was $13,365.93. Of the $12,000 sent to Ms. Multa the sum of $7,000 was returned to the defendant. None of the returned funds were ever subsequently accounted for and despite requests, were not returned to the plaintiffs.

Of the stocks which were purchased, they were in the name of the defendant Buhay and no stocks were ever in the name of the plaintiffs and no monies were ever returned and no stocks were ever delivered to the plaintiffs.

The pre-petition state court judgment was by default, as the defendant did not appear. The judgment itself has been abstracted and efforts have been made to collect on the judgment including the filing of an intervention in a pre-petition lawsuit filed by the Debtor in cause No. 84–CI–18690, styled John G. Buhay v. Aldes Cad-

wallder, III come individually and d.b.a. Cadwallder Insurance Agency and Jim Taylor and Ralph Dalton, filed in the 224th District Court of Bexar County, Texas.

## CONCLUSIONS OF LAW

1. The overriding purpose of the bankruptcy laws is to provide the bankrupt with comprehensive, much needed relief from the burden of his indebtedness by releasing him from virtually all of his debts. *Angelle v. Reed*, 610 F.2d 1335, 1339 (5th Cir.1980) quoting *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970) (describing the overriding purpose of bankruptcy law as giving the Debtor a "new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debts").

2. It is clear that cases construing the Bankruptcy Act exceptions to debt dischargeability are "consistent with well established principal that exceptions to dischargeability should be limited to those clearly expressed in the statute". *Angelle v. Reed*, supra at 1339.

3. These exceptions expressed in the Act are generally to be "narrowly construed ... against the creditor and in favor of the bankrupt." These same principals should apply to the Bankruptcy Code. *Murphy and Robinson Investment Co. v. Cross*, 666 F.2d 873, 879–80 (5th Cir.1982).

4. 11 U.S.C. § 523(a)(4), the only section cited by the plaintiffs as supporting their claim against the defendant Buhay provides as follows:

"A discharge ... does not discharge an individual from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

With respect to fiduciary capacity, it is clear that this Court must be guided by Supreme Court holding that the exception applies only to a "technical trust ... which must exist prior to the act creating the debt and without reference to that act." *Angelle v. Reed*, supra at 1338, citing and discussing *Davis v. Etna, Acceptance Code*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed.

393 (1934); and *Upshur v. Briscoe*, 138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931 (1890).

5. A case with facts very similar to the one before the Court is *In the Matter of Michel*, 74 B.R. 80 (Bkrtcy.N.D.Oh.1985). In that case a creditor who had given a Chapter 7 debtor funds for use in stock market investment scheme also filed a complaint seeking a declaration that the debt was non-dischargeable. One of the grounds asserted for finding an exception to discharge was 11 U.S.C. § 523(a)(4). The Court feels that the discussion in this case is instructive. As in this case, the Court noted that the evidence failed to establish that the Chapter 7 Debtor was in any sort of fiduciary relationship with the Creditor who gave the Debtor money for stock market investment scheme without restriction, beyond an understanding that the Creditor would receive a share of profits. The utter absence of any proof of additional restrictions compelled a conclusion that no trust relationship was created. In this case, other than the oral understanding and the written receipt recognizing that the funds were to be invested in stocks of some kind, there was no prior agreement establishing any form of a trust. *In The Matter of Michel*, supra at 84–85.

Further, it is clear that the burden of proof is on the plaintiff by a clear and convincing margin on this issue. See e.g. *In re Vissers*, 21 B.R. 638, 639 (Bkrtcy.E.D. Wis.1982) and *In Re Toleikis*, 19 B.R. 944, 946 (Bkrtcy.E.D.Mich.1982).

6. Added to the objecting Creditors burden is the rule that section 523 is to be "strictly construed against the objecting creditor and liberally in favor of the debtor. Any other construction would be inconsistent with a liberal spirit that has always pervaded the entire bankruptcy system." *In the Matter of Michel*, supra at 84, citing 3 Collier on Bankruptcy, para. 523.05A (15 Ed.1986).

This liberality has been expressed by the Supreme Court as follows:

"This Court on numerous occasions has stated that 'one of the primary pur-

poses of the Bankruptcy Act' is to give the debtor 'a new opportunity in life and clear future effort, unhampered by the pressure and discouragment of pre-existing debt.' "

*Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed.2d 1230 (1934).

It is clear to this Court that there is no pre-existing fiduciary relationship and therefore the plaintiffs' claim must fail for lack of meeting its burden of proof on that issue.

7. The Bankruptcy Code itself, however, effected a significant change in the structure of the language of prior Section 17(a)(4) of the previous Act. That provision formerly spoke of the non-dischargeability of debts created by "fraud, embezzlement, . . . while acting . . . in any fiduciary capacity;". The Bankruptcy Code, however, sets "embezzlement" and "larceny" apart from acts committed in a fiduciary capacity, and compels a consideration of whether either of those acts has been committed by the Debtor. Thus, regardless of the finding that Buhay was not in a fiduciary relationship with the plaintiffs, inquiry must also be made as to whether he has embezzled or been guilty of larceny with respect to their moneys.

8. Larceny does not appear to be a misdoing here. Larceny may defined as the fraudulent and wrongful taking and carrying away of the property of another with the intent to convert it to the takers use without the consent of the owner and with intent permanently to deprive owner of such property. *In the Matter of Michel,* supra at 86, quoting *In Re Shinew,* 33 B.R. 588, 592 (Bkrtcy.N.D.Oh.1983). Buhay's acts do not fall within this definition.

9. "Embezzlement" on the other hand, is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into hands it has lawfully come. *In Re Shinew,* supra; *In Re Graziano,* 35 B.R. 589, 594 (Bkrtcy.E.D.N.Y.1983). This hurdle must again be surmounted by the plaintiff by a clear and convincing margin and requires a showing of appropriation for the Defendant's own

benefit. *In Re James,* 42 B.R. 265 (Bkrtcy. W.D.Ky.1984).

■ 10. Circumstantial evidence may be used to prove fraudulent intent in the actual taking of the property. *United States v. Powell,* 413 F.2d 1037 (4th Cir. 1969); and *United States v. Walker,* 677 F.2d 1014 (4th Cir.1982). The facts here will support, in my opinion, a finding that Buhay has indeed embezzled, as that term is used in 523(a)(4), a substantial portion of the moneys the plaintiffs turned over to him. It is clear that Buhay alone had access to the $51,000 in question. He has indicated that he did receive the sum of $7,000 which was returned from Ms. Multa and that the sum of $13,365.93 was received back from the sale of the Hirsch-Chemie Limited stock. These sums were identified as part of the Plaintiff's $51,000. Although the sums were received by Buhay and although at the time they were received the Debtor Buhay was aware that the plaintiffs wanted their funds to be returned, he did not account to the plaintiffs for those funds, the funds were expended, and they were not accounted for. It is clear to the Court that the sum total of $20,365.93 was clearly in the control of the defendant, and that it has been fraudulently misappropriated or embezzled and the Court believes the evidence is clear and convincing on this point. Therefore the sum of $20,365.93 will be held to be non-dischargeable as being embezzled funds within the meaning of 11 U.S.C. § 523(a)(4). All of the other funds would appear to have been explained by losses in the stock market and the balance of the claim would appear to be dischargeable.

11. With respect to the pre-petition lien position or constructive trust as stated by the existing state court judgment, it is clear to this Court that collateral estoppel may be applied only to the extent that the factual issues determined in the prior proceeding were: (i) identical to the issues in the present proceeding; (ii) actually litigated; and (iii) were necessary to the resulting judgment. See, *In Re Church,* 69 B.R. 425 (Bkrtcy.N.D.Tex.1987), discussing *Matter of Allman,* 735 F.2d 863, 866 n. 3 (5th

Cir.1984); *Matter of Shuler*, 722 F.2d 1253 (5th Cir., 1984); and *Matter of Poston*, 735 F.2d 866 (5th Cir.1984).

12. No transcript of the state court proceedings were provided and because it was the result of a default, the issue of fiduciary capacity was not actually litigated. From the available evidence collateral estoppel with respect to the terms of the default judgment finding a fiduciary position is not proper and this Court will not make that finding. However, it is also clear that the pre-existing judgment is a final judgment and entitled to full faith and credit by this Court. See, e.g., *Wilhite v. Adams*, 640 S.W.2d 875 (Tex.1982); *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex.1971). To the extent that the judgment has properly been abstracted and appropriate actions under the state law have been taken which would effectuate an enforceable constructive trust on specific property or would effectuate a perfected security interest in specific real or personal property, that judgment will be recognized as an allowed secured claim against the estate of the debtor. Therefore, this adversary proceeding, not raising the issue of whether or not any such pre-petition transfer of a security interest might be a preference, and no specific request being made to determine the extent or validity of any such lien, these issues will not be decided by this opinion. To the extent that such intervention in the above described law suit effectuates a proper security interest, if any, under state law it will continue to be recognized in favor of the plaintiffs.

One of the claims asserted by Plaintiffs is that all damages awarded in the state court judgment should be excepted from discharge, including the punitive award for $35,000.00. This Court believes that the issue of punitive damages should fail because no specific authority has been presented to meet Plaintiff's burden of proof to indicate that such a claim is part of the debt excepted from discharge within the meaning of 11 U.S.C. § 523(a)(4).

### CONCLUSION

Based upon the findings and conclusions of law above, this Court finds that the sum of $20,365,93 is non-dischargeable as being embezzled funds, this claim being a joint and several claim in favor of the plaintiffs on a proportional basis as each of their claims bears to the total of the claims of the plaintiffs. All other claims are found to be dischargeable against the Debtor. This order of the Court does not in any way determine the extent or validity of any pre-petition constructive trust or security interest which may exist because of the default judgment. A separate order of even date herewith will be entered to reflect the judgment of the court.