In re Charles F. McQUEEN, Juliana E. McQueen, Debtors.

Franklin MOORE, et al., Plaintiffs,

v.

Charles F. McQUEEN, Defendant.

Bankruptcy No. 2–86–02471.
Adv. No. 2–86–0229.

United States Bankruptcy Court,
S.D. Ohio, E.D.

May 15, 1989.

Frederick J. McGavran, Frost & Jacobs, Cincinnati, Ohio, for plaintiffs.

Robert J. Morje, Columbus, Ohio, for defendant.

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon plaintiff Franklin Moore's Motion for Summary Judgment. Plaintiff Moore is the representative for a class of individuals similarly situated which appeared as a class of plaintiffs in a prior action tried before Judge Rubin of the District Court of the Southern District of Ohio, Western Divi-

sion. The plaintiffs' motion was opposed on behalf of defendant Charles McQueen.

The Court has jurisdiction in this adversary proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The plaintiffs seek summary judgment from this Court that a debt of $700,000, resulting from a verdict in their favor in a prior civil proceeding, is nondischargeable in McQueen's bankruptcy case pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). In order to prevail on their motion, the Court must find that no genuine issue exists as to any material fact and that plaintiffs are entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c).

The plaintiffs assert that all facts necessary to determine the dischargeability of their debt were established in the prior civil proceeding before Judge Rubin. Therefore, the plaintiffs request the Court to apply principles of collateral estoppel to preclude relitigation of facts establishing fraud, breach of fiduciary duty, or willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(2), (4) and (6).

## OPERATIVE FACTS

On October 12, 1984, after trial, a jury rendered a verdict of liability against McQueen on four counts. Specifically, the jury found that McQueen had violated federal security laws and regulations, violated state securities laws, engaged in conduct which is fraudulent under the common law of Ohio, and breached his fiduciary duties. Damages of $175,000 were assessed against McQueen for each of the four counts. No punitive damages were awarded.

The charges against McQueen arose in connection with securities in the nature of working interests in oil and gas wells which were sold to investors by agents of Fenex, Inc. ("Fenex") and HMW Company, Inc. ("HMW"). McQueen was a shareholder and director of both corporations and served as president of Fenex and secretary of HMW. Both corporations have filed bankruptcy cases in this Court.

## ISSUES OF LAW

Two legal issues are before the Court by the plaintiffs' motion. First, is it appropriate to apply collateral estoppel to preclude relitigation of facts established in the district court jury trial and, second, if collateral estoppel is applied, do facts found in that trial establish the nondischargeability of McQueen's obligation to the plaintiffs.

## CONCLUSIONS OF LAW

A. *The Application of Collateral Estoppel Generally in Dischargeability Actions.*

The doctrine of collateral estoppel or "issue preclusion" bars relitigation of issues in a subsequent proceeding which were actually litigated in a previous adjudication. Claim preclusion, on the other hand, bars relitigation of claims or defenses which were actually or should have been litigated in the previous adjudication. Because exclusive jurisdiction was granted to bankruptcy courts to decide questions of dischargeability, under certain sections of the Bankruptcy Act of 1898 (now repealed), the Supreme Court of the United States determined that claim preclusion was inapplicable in dischargeability proceedings. See *Brown v. Felsen,* 442 U.S. 127, 139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979).

Issue preclusion, on the other hand, is applied in the interests of judicial economy to "encourage the parties to present their best arguments on the issues in question in the first instance and thereby save judicial time." *See Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981). Application of the doctrine also furthers other sound policy objectives by relieving parties of the cost and vexation of multiple lawsuits, conserving judicial resources and, by preventing inconsistent decisions, encouraging reliance on adjudication. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).

Nonetheless, application of the doctrine of collateral estoppel or "issue preclusion"

has limitations. "It is an elementary principle of issue preclusion that it may only be asserted where the burden of proof as to that issue is no greater than it was in the prior proceeding where the issue was decided." *United States v. Rylander*, 714 F.2d 996, 1002 (9th Cir.1983), *cert. denied*, 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355. A difference in the burden of proof in the two proceedings precludes application of issue preclusion. *See One Lot Emerald Cut Stones & One Ring v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972).

In determining whether issue preclusion is to be given effect, bankruptcy courts have applied certain tests. First, the issue sought to be precluded must be identical to the one in the prior action. Second, the issue must have been actually litigated in the prior action. Third, the prior determination must have resulted in a valid and final judgment. Lastly, the determination of the facts for which preclusion is sought must have been necessary to the outcome. *See In re Ross*, 602 F.2d 604, 608 (3rd Cir.1979); *Spilman*, 656 F.2d at 228.

### B. *The Section 523(a)(2) Claim*

■ The first requisite for application of collateral estoppel, identity of the issues, necessarily requires an examination into the respective evidentiary standards surrounding the litigation of the issues. The application of issue preclusion is inappropriate where the standard used in the prior proceeding is less stringent. *See Pesak v. Weitzel (In re Weitzel)*, 72 B.R. 253, 257 (Bankr. N.D. Ohio (1987). Moreover, "[a] bankruptcy court in a dischargeability proceeding under 11 U.S.C. § 523(c) must examine both the standard of proof required for the state court judgment and the proof actually presented and recited in the state court judgment." *In re Wintrow*, 57 B.R. 695, 702 (Bankr. S.D. Ohio 1986).

■ It is apparent from a cursory review of the instructions to the jury that the evidentiary standard, as applied to all counts in the prior district court action, was preponderance of the evidence. (Plaintiffs' Ex. 9, p. 1565); In this circuit, however,

clear and convincing proof is required in an action brought pursuant to 11 U.S.C. § 523(a)(2). *See Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163, 1165 (6th Cir.1985); *Phillips v. Coman (In re Phillips)*, 804 F.2d 930, 932 (6th Cir. 1986). That variance between the requisite burden of proof in the district court action and this dischargeability proceeding, precludes application of collateral estoppel to establish the plaintiffs' claim for fraud under § 523(a)(2). Accordingly, the plaintiffs' request for judgment on a summary basis under § 523(a)(2) is hereby denied. *North Central Wool Marketing Corp. v. Carothers (In re Carothers)*, 22 B.R. 114 (Bankr. D.Minn.1982).

### C. *The Section 523(a)(4) Claim*

■ The plaintiffs also assert that the use of collateral estoppel is available to establish the nondischargeability of their obligation under 11 U.S.C. § 523(a)(4). That section requires the plaintiffs to show that the debt was incurred by fraud or defalcation by McQueen while he was acting in a fiduciary capacity, or by embezzlement or larceny.

■ Examination of the requisite evidentiary standard is again appropriate. Some courts have held "that the burden of proof in an action to prevent discharge is 'clear and convincing evidence'". *Weitzel*, 72 B.R. at 257 (Bankr. N.D. Ohio 1987), citing *Martin*, 761 F.2d at 1165. This Court, however, has been unable to determine what evidentiary standard is required in a § 523(a)(4) action in this circuit. Until a different determination is made, however, the Court holds that preponderance of the evidence should be sufficient to establish a cause of action under § 523(a)(4). *Cf. Kleiner v. Daboul (In re Daboul)*, 85 B.R. 197 (Bankr.D.Mass.1988) (discussing rationale for preponderance standard in § 523(a)(2) actions).

Notwithstanding that the evidentiary standard is the same and that the other tests for application of preclusion appear to exist, however, the facts as established by the jury do not establish as a matter of law

the fiduciary capacity contemplated by § 523(a)(4).

 The scope of the concept of a fiduciary for purposes of § 523(a)(4) generally is limited to technical or express trusts. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). The fiduciary violation required for nondischargeability under § 523(a)(4) does not encompass a fiduciary relationship implied only by law. *See Angelle v. Reed (In re Angelle)*, 610 F.2d 1335 (5th Cir.1980). Ordinary commercial relationships such as creditor-debtor or principal-agent do not rise to the level of the fiduciary relationship contemplated by the Bankruptcy Code. *Rhode Island Lottery Commis. v. Cairone (In re Cairone)*, 12 B.R. 60, 62 (Bankr.R.I. 1981).

It is evident from the Court's complete review of the transcript of the previous district court proceeding that the fiduciary relationship found by the jury arose from McQueen's status as an officer and director of Fenex and HMW. Such relationship is not equivalent in a legal sense to the express trust required to establish nondischargeability under § 523(a)(4). Rather, the District Judge's jury instruction specifically states that "the term contemplates good faith rather than legal obligation." (Plaintiffs' Ex. 9, pp. 1581–2).

In the absence of the type of fiduciary relationship required by § 523(a)(4) of the Bankruptcy Code, and despite appropriate application of collateral estoppel to bar relitigation of factual findings, the plaintiffs are not entitled to summary judgment on their claim under § 523(a)(4).

### D. *The Section 523(a)(6) Claim*

██ The plaintiffs also seek judgment under 11 U.S.C. § 523(a)(6) which makes nondischargeable a debt resulting from willful and malicious injury by the debtor to the property of another. Again, however, even if collateral estoppel is applied to bar relitigation of facts established in the district court action, the Court must determine whether the jury found that McQueen acted "willfully" and "maliciously" within the meaning of § 523(a)(6).

Review of the transcript and jury instructions reveals that the issues of willfulness and maliciousness were not raised, actually litigated, or necessary for the counts presented to the jury. The only reference to maliciousness appears in the jury instructions regarding the possibility of awarding punitive damages only if the jury found "actual malice". (Plaintiffs' Ex. 9, p. 1586). The jury declined to assess any punitive damages against McQueen for any of the four separate counts.

 "[T]he failure of a jury to award punitive damages does not necessarily result in the discharge of a judgment claimed to be nondischargeable as arising from a willful and malicious act", *Smith v. Pitner (In re Pitner)*, 696 F.2d 447, 449 (6th Cir.1982). Further, all that is required to be established to exclude a debt from discharge under § 523(a)(6) is that there has been a "wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse". *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112. It is not necessary that the debtor intend to cause the injury. *Perkins* at 394.

Despite the somewhat lessened standard for malice, the Court must conclude that the precise issue of whether the injury to the plaintiffs' property arose from willful and malicious acts of McQueen was not actually litigated in the district court. Accordingly, genuine issues of material fact exist on this issue and summary judgment in favor of the plaintiffs on this issue is not appropriate.

Based upon the foregoing, the plaintiffs' motion for summary judgment must be, and the same is hereby, denied.

IT IS SO ORDERED.