**In re James Lee STILES and Sherrie Montgomery Stiles, Debtors.**

**PIZZA PALACE, INC., Plaintiff,**

**v.**

**James Lee STILES and Sherrie Montgomery Stiles, Defendants.**

**Bankruptcy No. 89–21580–B (rs). Adv. No. 89–0109.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Aug. 23, 1990.

Scott Frick, Memphis, Tenn., for plaintiff.

William Gotten, Memphis, Tenn., for debtors.

MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ITS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

WILLIAM H. BROWN, Bankruptcy Judge.

At issue in this core proceeding[1] is whether a debt arising from a state court default judgment may be excepted from the debtor's general discharge pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6) by application of the doctrine of collateral estoppel. The following constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The plaintiff in this proceeding seeks a determination that its claim of $101,873.62 which arises from a judgment obtained against the debtor, James Lee Stiles, and his partner, Russell Lane, in the Chancery Court of Shelby County, Tennessee is nondischargeable as a matter of law.[2] In support of the relief sought, the plaintiff has furnished the Court with the record from the Chancery Court proceedings. This record contains no transcripts of any proceedings. Rather, it consists entirely of pleadings and documents which reflect that the judgment at issue is one of default granted pursuant to the plaintiff's complaint which was filed after a business arrangement between the parties for the development and management of a restaurant soured.

According to the Chancery Court complaint, the debtor and his former partner allegedly engaged in fraud, gross mismanagement of the business, conversion of corporate funds, use of corporate opportunity for personal gain, and waste of capital assets to the plaintiff's detriment. In response to the complaint, the debtor filed an answer wherein the above recited allegations were denied.

From the record provided, it appears that after the debtor's answer was filed, the plaintiff began attempts to undertake discovery necessary for trial and resolution of the disputed issues. Indeed, a "Motion. for Order to Compel Response to Request for Production of Documents" filed by the plaintiff resulted in an "Order Compelling Response ..." issued by the Chancery Court on July 10, 1987. Apparently, the debtor failed to comply with this order, and it was followed by a Motion for Default Judgment and Sanctions wherein the plaintiff sought a default judgment and sanctions against the debtor for failure to comply with the July 10 order. The motion for default judgment was subsequently denied but the motion for sanctions, in the form of attorney's fees, was granted by a Chancery Court order of August 7, 1987. This order was followed by a "Notice to Take Deposition" with which the debtor apparently also failed to comply because on August 10, 1987, the plaintiff filed a second "Motion For Default Judgment and Sanctions" against the debtor for his failure to cooperate with discovery efforts. A hearing on this motion was set for August 14, 1987, and having received no response from the debtor, the Chancellor granted the motion for default judgment.

The record further reflects that on this same date, an order was entered allowing counsel for the debtor to withdraw from that representation in the Chancery Court. Apparently, the debtor subsequently obtained new counsel and moved to set aside the default judgment asserting that he had not received notice of the motion, given his former attorney's withdrawal from representation. The motion was denied and eventually this substitute counsel was allowed to withdraw from representation of

1. 28 U.S.C. § 157(b)(2)(I).

2. Although the complaint filed in this proceeding seeks a determination that the plaintiff's claim is nondischargeable as to both Sherrie and James Stiles, the motion for summary judgment is apparently only applicable to Mr. Stiles because the Chancery Court judgment on which it is founded is only against Mr. Stiles.

the debtor. A third attorney was retained and a "Motion to Reconsider the [order] to Set Aside Default Judgment ..." was filed. This motion was also denied, and the plaintiff thereafter filed a "Motion For Hearing on Damage Issues." This motion was disposed of, after a hearing in which the debtor participated, resulting in a Chancery Court order of March 8, 1988, awarding damages of $101,873.62 to the plaintiff.

The debtor subsequently filed a "Notice of Appeal" and a "Motion to Proceed as a Poor Person ..." The record contains no evidence of the disposition of the "Motion to Proceed as a Poor Person ...;" however, the appeal was apparently never perfected and it was dismissed by the Tennessee Court of Appeals on October 25, 1988.

Following dismissal of the debtor's appeal, the plaintiff began pursuing means of satisfying its judgment and, on August 15, 1988, obtained an order from the Chancery Court charging the debtor's interest in the Ski Mountain Shopping Center Limited Partnership with the unsatisfied amount of the judgment debt.

Thereafter, the debtor and his wife filed their joint petition for Chapter 11 relief under the Bankruptcy Code with this Court. With this petition for relief, the debtor seeks, *inter alia,* to discharge some or all of the plaintiff's claim. The plaintiff takes exception to the potential discharge of any portion of this debt and asserts that based on the Chancery Court judgment described above, collateral estoppel precludes discharge.

In order to grant the plaintiff's requested relief, this Court must find that no genuine issue exists as to any material fact. Bankr.Rule 7056(c). Thus, the Court must find, based on the pleadings, depositions, answers to interrogatories, admissions on file and affidavits filed in this cause that the debtor engaged in "fraud or misrepresentation,"[3] "fraud or defalcation while acting in a fiduciary capacity"[4] or "willful and malicious injury" to the property[5] of the plaintiff as a matter of law.

It is the plaintiff's position that the judgment on which the debt at issue rests easily supports such a finding because under state law a default judgment equals an admission of the allegations contained in the complaint. Moreover, according to the plaintiff, such a judgment is entitled to full faith and credit by this Court.

On the other hand, the debtor disputes that the plaintiff is entitled to a determination that the debt at issue is nondischargeable as a matter of law because the issues necessary to such a determination were not actually litigated in the Chancery Court.

With respect to this issue, it is well settled that the bankruptcy courts have exclusive jurisdiction for determination of the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). 11 U.S.C. § 523(c); *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *In re Hall,* 95 B.R. 553, 554 (Bankr.E.D.Tenn.1989). Consequently, res judicata or claim preclusion, which bars litigation of claims or defenses which were actually or should have been litigated in a previous adjudication, is not applicable in such dischargeability proceedings. *Brown v. Felsen,* 442 U.S. 127, 139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979). However, collateral estoppel or issue preclusion, which only bars relitigation of particular issues, may be applicable. *Id.* The situation where collateral estoppel is most readily applicable is one where:

> First, the issue sought to be precluded [is] identical to the one in the prior action. Second, the issue [has] been actually litigated in the prior action. Third, the prior determination ... resulted in a valid and final judgment. Lastly, the determination of the facts for which preclusion is sought [was] necessary to the outcome.

*In re McQueen,* 102 B.R. 120, 123 (Bankr. S.D.Ohio 1989), citing *Spilman v. Harley, supra.* In addition, "[i]t is an elementary principle of issue preclusion that it may only be asserted where the burden of proof as to that issue [in the dischargeability

---

3. 11 U.S.C. § 523(a)(2).

4. 11 U.S.C. § 523(a)(4).

5. 11 U.S.C. § 523(a)(6).

context] is no greater than it was in the prior proceeding where the issue was decided." *In re McQueen*, 102 B.R. at 123, citing, *U.S. v. Bylander*, 714 F.2d 996, 1002 (9th Cir.1983), *cert. denied*, 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984).

Indeed, where these factors are ascertainable, the vast majority of courts considering application of collateral estoppel have found it applicable. *See, e.g., Spilman v. Harley, supra; Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986); *In re Wallace*, 840 F.2d 762 (10th Cir.1988); *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987); *In re Shuler*, 722 F.2d 1253 (5th Cir.1984); *cert. denied*, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984). However, the applicability issue is not so easily resolved where the question is whether a default judgment is entitled to a collateral estoppel effect. This is particularly true in light of the opinion of the Honorable Keith M. Lundin, Bankruptcy Judge for the Middle District of Tennessee, which stands for the proposition that the principles of full faith and credit [6] require federal courts to give the decisions of state courts the same full faith and credit and preclusive effect as they are given under the laws of the state, absent any federal statute or policy which requires that the judgment not be given preclusive effect. *In re Byard*, 47 B.R. 700 (Bankr. M.D.Tenn.1985). Thus, according to the *Byard* Court, the bankruptcy court's first task, when presented with an issue of collateral estoppel application, is to determine under the laws of the state where the judgment was rendered whether collateral estoppel applies. If not, neither does it apply in the bankruptcy court. However, if collateral estoppel is applicable under state law, the bankruptcy court must next determine whether there is any intervening federal authority that warrants abrogation of the full faith and credit principles set forth at 28 U.S.C. § 1738. *In re Byard*, 47 B.R. at 705–707. If not, the prior state judgment is entitled to be given collateral estop-

pel effect by the bankruptcy court. *See, In re Hall*, 95 B.R. at 555.

As in the instant proceeding, the *Byard* case involved the issue of whether a default judgment against a debtor should be given collateral estoppel effect in the plaintiff-creditor's subsequently filed dischargeability action under 11 U.S.C. § 523. 47 B.R. at 701. In reliance on recent Supreme Court decisions pertaining to full faith and credit outside the bankruptcy context, the *Byard* Court concluded that the principles of full faith and credit called for the application of collateral estoppel to the default judgment as it would be so treated by the state in which default was rendered. *See, Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *McDonald v. West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

Further, according to the *Byard* Court:
In the opinion of this court, there is nothing in the Bankruptcy Code or Congressional statements of intent in the enactment of § 523 indicating that some kinds of state court judgments—those that are fully and actually litigated by the state court—can have issue preclusive effect in § 523 litigation but other kinds of state court judgments cannot— for example, a default judgment like the one here at issue. There is no compelling statement of federal bankruptcy law which expressly or impliedly excepts to the normal operation of § 1738 where the state court judgment for which issue preclusive effect is sought is a default judgment ...
There is nothing about the issues here sought to be precluded which suggests intervention of any strong federal bankruptcy policy prohibiting application of § 1738. Fraud, conversion and misappli-

---

6. These principles are codified at 28 U.S.C. § 1738 which provides in pertinent part:
    The ... judicial proceedings of any Court of such state ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state ...

cation of funds are issues well within the regular competence and experience of state courts. Under these circumstances, it is the holding of this court that there is no compelling statement of federal bankruptcy law which would expressly or impliedly forbid application of § 1738 to give issue preclusive effect of this default judgment.

47 B.R. at 707.

Not surprisingly, the plaintiff relies on the *Byard* decision as support for its position, and obviously the conclusion therein strongly supports a finding that the default judgment at issue here is entitled to be given preclusive effect given that state law would result in such. *Patterson v. Rockwell Int'l.*, 665 S.W.2d 96, 101 (Tenn.1984). However, both before and after the *Byard* decision, the Sixth Circuit Court of Appeals has discussed the effect to be given state court judgments in the bankruptcy context and in doing so has instructed that in order for collateral estoppel principles to apply, the issues which form a basis for a finding of nondischargeability must have been actually litigated and necessary to the judgment in the prior adjudication. *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986); *Spilman v. Harley*, 656 F.2d at 228. In fact, in *Spilman*, the Court expressly states:

> If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court.

656 F.2d at 228. Moreover, in the *Wheeler* decision, the Court concluded that summary judgment granted on the dischargeability issue raised therein was not proper because:

> ... neither the pleadings nor the general verdict [of the prior adjudication] reflects that the issue of [dischargeability] was actually litigated and necessary to the verdict. Thus, based on the record at hand, collateral estoppel would not operate to bar relitigation of this issue.

783 F.2d at 615.

These directives are founded upon the above mentioned *Brown v. Felsen* decision, which unlike those cases relied upon by the *Byard* Court, discussed the effect to be given prior judgments in the bankruptcy-dischargeability context. *Brown v. Felsen, supra*. As discussed above, the *Brown* decision stands for the proposition that because of the exclusive jurisdiction given the bankruptcy courts for resolution of § 523(a)(2), (4), and (6) dischargeability issues, res judicata is not applicable in proceedings positing those issues. However, according to *Brown*, in the interest of judicial economy, claim preclusion or collateral estoppel may be applicable to issues "actually and necessarily decided in a prior suit." 442 U.S. at 138, n. 10, 99 S.Ct. at 2213, n. 10.

█ Obviously, the Sixth Circuit has construed the "actually and necessarily decided" language of *Brown v. Felsen* to mean "actually litigated." *Contra, In re Byard*, 47 B.R. at 704, n. 3. Consequently, this Court is compelled to follow the Sixth Circuit's mandate that in order for collateral estoppel to apply in this context, the issues must have been actually litigated and necessary to the prior adjudication. This same conclusion has been reached in recent decisions from the Bankruptcy Courts for the Eastern District of Tennessee. *See, In re Hall*, 95 B.R. 553 (Bankr.E.D.Tenn.1989); *In re Morrison*, unpub. BK No. 3–89–03683, Adv. Pro. No. 90–3049 (Bankr.E.D. of Tenn.1990); *In re Gatlinburg Motel Enterp., Ltd.*, 106 B.R. 492 (Bankr.E.D.Tenn. 1989).

Although neither of these Courts, nor this Court, quarrels with the *Byard* Court's conclusion that the initial determination should be what effect state law would give to issues determined in a prior adjudication, the *Hall* and *Morrison* Courts, as does this Court, disagree with the ultimate *Byard* conclusion that there is no compelling statement of federal bankruptcy law which justifies a "departure from the general rule that state law determines the collateral estoppel effect of a state court judgment" when the issue presented is the effect of default judgments in § 523(a)(2), (4) and (6) dischargeability proceedings. *In re Hall*, 95 B.R. at 555. This is because, as stated by the *Hall* Court:

> It is not just the exclusive jurisdiction of the bankruptcy courts over some dis-

chargeability issues but also the problem of premature litigation of dischargeability issues that requires the court to deny collateral estoppel effect to a prebankruptcy default judgment.

95 B.R. at 556.

In the case at bar, the Court is presented with a state court default judgment granted pursuant to the plaintiff's motion for such raised because the debtor failed to comply with discovery requests. As mentioned above, there is no transcript of the state court proceeding, which resulted in the judgment, for this Court's consideration. Thus, there has been no showing that the issues of the debtor's alleged fraud or defalcation while acting in a fiduciary capacity or willful and malicious injury to the plaintiff's property were actually litigated and necessary to the prior judgment. As such, notwithstanding the fact that this default judgment would be binding on the debtor in a subsequent state court proceeding, the default judgment as to liability is not binding so as to preclude the debtor's discharge of the judgment debt.

The amount of the damages assessed by the state court against the debtor is binding however as the record reflects that that issue was actually litigated with the debtor's full participation.

From the above findings and conclusions, it is HEREBY ORDERED that:

The plaintiff's motion for summary judgment on the issue of dischargeability of its prior state court judgment is DENIED; but, a further pre-trial and scheduling conference in this adversary proceeding is set for October 22, 1990, at 9:30 a.m., in Courtroom 680, 200 Jefferson Avenue, Memphis, Tennessee; and

The plaintiff's motion for summary judgment on the issue of the amount of damages awarded in the state court action is GRANTED.

SO ORDERED.