Daniel R. Braun, Covington, KY, for plaintiff.

Steven L. Schiller, Newport, KY, for debtor/defendant.

### *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the plaintiff's Motion for Summary Judgment filed herein on March 2, 1994. The defendant has filed a Response. The issue to be decided herein is whether a judgment debt owed by the defendant to the plaintiff is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). In this regard, the Motion for Summary Judgment raises the issue of whether the defendant is collaterally estopped from relitigating the facts of the assault against the plaintiff which resulted in the judgment. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The plaintiff filed his Complaint herein on January 2, 1994. Therein he stated that he is a creditor of the defendant and the holder of an unsecured claim in the amount of $28,209.89 as of December 8, 1993. The claim is a judgment debt arising from a Judgment on Damages rendered by the Boone Circuit Court (Kentucky) in Civil Action No. 89–CI–873, Brian Eugene Mitchell v. David Kirby, Jr., for assault committed by the defendant against the plaintiff on December 4, 1988.

In re David KIRBY, Debtor.

Brian Eugene MITCHELL, Plaintiff,

v.

David KIRBY, Defendant.

Bankruptcy No. 93–21390.
Adv. No. 94–2001.

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

May 19, 1994.

The Judgment states that the court heard testimony from the plaintiff and the defendant, and awarded the plaintiff damages against the defendant "for the intentional tort of assault".

The defendant filed his answer on January 24, 1994, alleging that the judgment debt is fully dischargeable. The plaintiff then filed his Motion for Summary Judgment as stated above. Attached thereto are copies of pertinent documents from the state court action in addition to the Judgment in Damages in Civil Action No. 89–CI–873, including the plaintiff's Verified Complaint, his Amended Complaint, and a Default Judgment and Establishment of Date for Hearing on Damages.

With the entry of the state court default judgment against the defendant, this Court is faced with the question of whether or not collateral estoppel or fact preclusion applies herein. At least two different approaches have been taken as methods to determine when collateral estoppel applies.

In the first, collateral estoppel may be employed in cases involving dischargeability questions if the precise issue was raised in the prior proceeding between the same parties or parties in privy with them, if it was actually litigated, and if its determination was necessary to the outcome in state court. *Spilman v. Harley,* 656 F.2d 224 (6th Cir. 1981). *See* also *In the Matter of McMillan,* 579 F.2d 289 (3rd Cir.1978), *In re Mady,* 159 B.R. 487 (Bkrtcy.N.D.Ohio 1993) and *In re Hale,* 155 B.R. 730 (Bkrtcy.S.D.Ohio 1993).

Judge Lundin has held that more recent Supreme Court cases would direct a different result from that reached by the Third and Sixth Circuits in the cases cited above. *In re Byard,* 47 B.R. 700 (Bankr.M.D.Tenn.1985). In *Byard,* he concludes that a federal court must give the same preclusive effect to a state court judgment that the courts of that state would give to such judgment, citing the provisions of 28 U.S.C. § 1738 and *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), *McDonald v. West Branch,* 466 U.S. 284, 104 S.Ct. 1799,

80 L.Ed.2d 302 (1984) and *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The only exception recognized under this analysis is where a later statute contains an express or implied repeal of the provisions of 28 U.S.C. § 1738. *Byard,* at p. 702.

If Judge Lundin's approach is used, it would apparently compel this Court to rule for the plaintiff herein since it appears that Kentucky courts must give preclusive effect to default judgments issued by Kentucky courts. *Davis v. Tuggle's Administrator,* 297 Ky. 376, 178 S.W.2d 979 (1944). This approach has been criticized, however, by conclusions that subsequent rulings, having had the opportunity to revisit the matter in light of the above Supreme Court rulings, have failed to reach Judge Lundin's result and have continued to apply the *Spilman* approach. *In re Morrison,* 119 B.R. 135 (Bankr.E.D.Tenn.1990), citing *Wheeler v. Laudani,* 783 F.2d 610 (6th Cir.1986). See also *In re Raynor,* 922 F.2d 1146 (4th Cir. 1991).

This Court concludes that the principles of *Spilman* still obtain in this circuit and should be applied to determine if collateral estoppel is applicable in this case.

In the case at bar, the precise issues now before this Court were not actually litigated in the state court proceeding, and this Court may not, therefore, employ the doctrine of collateral estoppel precluding the parties from relitigating any fact herein. The plaintiff herein contends that the issue of whether the defendant committed intentional, willful and malicious injury to the plaintiff was "litigated" in the state court action, apparently because the Boone Circuit Court heard testimony at the hearing on damages.

The plaintiff cites *Combs v. Richardson,* 838 F.2d 112 (4th Cir.1988) in support of his view of the application of collateral estoppel. The *Combs* case did not, however, involve a default judgment, and the court stated:

> ... we do not require that bankruptcy courts invariably take extrinsic evidence before a prior civil judgment may be assigned preclusive effect. We do hold that a jury's finding that a defendant's actions

were willful and malicious will collaterally estop the judgment debtor from relitigating that issue in a discharge proceeding only if an examination of the record of the earlier proceeding satisfies the bankruptcy court that the issue was raised and litigated and that the resolution of the issue was necessary to the verdict in the prior case.

A default judgment does not fit these criteria, and the fact that the Boone Circuit Court conducted a hearing on damages after the default judgment was entered does not erase that deficiency.

In consideration of the foregoing it is therefore the opinion of this Court that the plaintiff's Motion for Summary Judgment should be overruled. An order in conformity with this opinion will be entered separately.