In re Shelby J. LUCAS.
Chapter 7 Debtor

Kim M. COLWELL, Plaintiff,

v.

Shelby J. LUCAS, Defendant.

Bankruptcy No. 94–12150–AT.
Adv. No. 94–1375–AT.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 1, 1995.

---

Peter Skoro, Fairfax, VA, for plaintiff.

Christopher S. Moffitt, Alexandria, VA, for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Bankruptcy Judge.

Plaintiff brought this adversary proceeding by complaint to except a prepetition state court judgment against debtor from discharge pursuant to 11 U.S.C. § 523(a)(6). Plaintiff now moves the court on the basis of res judicata to grant summary judgment to fix the amount of the debt in the same amount as plaintiff's judgment, i.e., $25,-000.00 compensatory damages and $50,000.00 punitive damages.

Plaintiff's state court judgment was rendered by default. This court finds that neither res judicata nor collateral estoppel are applicable to this dischargeability proceeding, and the motion for summary judgment will therefore be denied.

### Facts

The facts are drawn primarily from the complaint and memoranda of the parties' counsel.

On January 1, 1991, plaintiff, a police officer, allegedly suffered an injury as a result of his attempted arrest of debtor.

Subsequently, plaintiff sued debtor for damages in a Virginia state court, claiming he had been assaulted and injured by debtor. Debtor was duly served with process but failed to file an answer or to otherwise respond.

After giving notice to debtor, plaintiff moved in the state court lawsuit for a default judgment on the complaint and later presented evidence *ex parte* as to damages. As a result, plaintiff obtained a judgment against debtor by default in the amount of $25,000.00 compensatory damages and $50,000.00 punitive damages. The state court entered the default judgment on April 8, 1993. Debtor did not appeal, and he has taken no action under state law to collaterally attack the judgment. Shortly after the judgment became final, plaintiff commenced post-judgment collection proceedings during which debtor was represented by counsel.

Debtor filed the instant chapter 7 case on June 1, 1994.

### Discussion And Conclusions

Plaintiff's motion for summary judgment asks the court to fix the debt in this dischargeability adversary proceeding in the amount of the state court judgment, based upon the doctrine of res judicata. Plaintiff does not assert that any other element of § 523(a)(6) is established by his prepetition default judgment.

I find that neither res judicata nor collateral estoppel apply here, and plaintiff's motion must be denied.

█ The doctrine of res judicata bars relitigation in a second suit involving the same parties based on the same cause of action if the court in the first suit issued a judgment on the merits. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). A separate though similar doctrine, collateral estoppel (also known as issue preclusion), applies where the second action between the same parties is upon a different cause of action. *See* 50 C.J.S. *Judgments* § 706, note 92, pp. 163–64 (1947).

█ Under collateral estoppel, the prior judgment "precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore,* 439 U.S. at 326, 99 S.Ct. at 649, *see also Combs v. Richardson,* 838 F.2d 112, 114 (4th Cir.1988).

█ Thus, the difference between res judicata and collateral estoppel is that res judicata forecloses all issues that *could* have been litigated previously, while "collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979).

In *Brown v. Felsen,* the Supreme Court held that prebankruptcy state court judgments are not to be given res judicata effect in ensuing bankruptcy dischargeability litigation.[1] *Brown v. Felsen,* 442 U.S. at 127, 99 S.Ct. at 2207. And although in *Brown v. Felsen,* the Court declined to rule on the applicability under the same circumstance of collateral estoppel, it is now accepted by numerous decisions that collateral estoppel or issue preclusion may apply in the later discharge context. *See Grogan v. Garner,* 498 U.S. 279, 284–85 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991); *M & M Transmissions, Inc. v. Raynor (In re Raynor),* 922 F.2d 1146, 1148–49 (4th Cir.1991); *Combs,* 838 F.2d at 114–15; *Spilman v. Harley,* 656 F.2d 224, 226–27 (6th Cir.1981).

█ As stated above, collateral estoppel applies only as to issues "actually litigated" in the initial case. The *Raynor* decision has made it clear that in bankruptcy discharge litigation in this circuit the actual litigation requirement prevents the application of collateral estoppel to issues decided *by default* in the earlier case. *In re Raynor,* 922 F.2d at 1149.[2] Although *Raynor* did not raise the specific issue of the default judgment amount, the court categorically barred collateral estoppel of issues adjudged by default. I therefore find the ruling leaves no room for an exception as to damages.[3] *See also Mitchell v. Kirby (In re Kirby),* 167 B.R. 91 (Bankr.E.D.Ky.1994); *Hamilton Bank v. Morrison (In re Morrison),* 119 B.R. 135 (Bankr.E.D.Tenn.1990); *Watson v. Buhay (In re Buhay),* 77 B.R. 561 (Bankr.W.D.Tex. 1987); *but see Pizza Palace, Inc. v. Stiles (In re Stiles),* 118 B.R. 81, 86 (Bankr.W.D.Tenn. 1990); *contra Comer v. Comer (In re Comer),* 723 F.2d 737 (9th Cir.1984); *North Tel, Inc. v. Brandl (In re Brandl),* 179 B.R. 620 (Bankr.D.Minn.1995); *Roesing v. Moccio (In re Moccio),* 41 B.R. 268 (Bankr.D.N.J.1984).

Plaintiff's argument for summary judgment relies primarily upon the Ninth Circuit holding in *In re Comer,* 723 F.2d at 737, that a plaintiff's prepetition default judgment for alimony and child support was preclusive on the issue of damages in the bankruptcy dis-

---

1. Some decisions gloss over the distinction between res judicata and collateral estoppel. For the rationale that collateral estoppel rather than res judicata applies in bankruptcy discharge litigation, the Supreme Court in *Brown v. Felsen* emphasized that the bankruptcy court has exclusive jurisdiction to determine certain discharge issues. *Brown v. Felsen,* 442 U.S. at 136–39, 99 S.Ct. at 2211–13; *see also Spilman v. Harley,* 656 F.2d 224, 226–27 (6th Cir.1981).

   However, as another basis for the holding in *Brown v. Felsen,* it is also implicit in the opinion that the Supreme Court considered bankruptcy discharge litigation as involving a different cause of action from a state court lawsuit to reduce a claim to judgment. *Brown v. Felsen,* 442 U.S. at 134–35, 99 S.Ct. at 2211.

2. For a full discussion of the underlying common law basis for the Fourth Circuit's *Raynor* holding, see Restatement (Second) Judgments § 27 (1982); *see also In re Raynor,* 922 F.2d at 1149; *Doctrine of Res Judicata as Applied to Default Judgments,* 77 A.L.R.2d 1410, 1423–24 (1961).

3. I note, however, that a default judgment may be res judicata for other bankruptcy purposes, such as the amount of a creditor's proof of claim. *See Credit Alliance Corp. v. Williams,* 851 F.2d 119 (4th Cir.1988); *In re Buhay,* 77 B.R. at 566.

**70**

chargeability case. Of course, *Comer* is not binding on this court as it is completely at odds with the holding of the Fourth Circuit in *Raynor.*

An order denying plaintiff's motion for summary judgment has been entered.