**In re Janice Darlene WEAVER, Debtor.**

**MID–CENTURY INSURANCE COMPANY OF LOS ANGELES, CALIFORNIA, Plaintiff,**

v.

**Janice Darlene WEAVER, Defendant.**

Bankruptcy No. 90–41478–172.

Adv. No. 90–4206–172.

United States Bankruptcy Court, E.D. Missouri, E.D.

April 9, 1991.

James C. Thoele, Brinker, Doyen & Kovacs, P.C., Clayton, Mo., for plaintiff.

David A. Sosne, Trustee, St. Louis, Mo.

Rita M. Montgomery, St. Louis, Mo., for debtor/defendant.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is a Motion for Summary Judgment filed by the plaintiff Mid–Century Insurance Company. The underlying complaint is an adversary proceeding seeking to render a judgment debt non-dischargeable under 11 U.S.C. § 523(a)(6) or § 523(a)(2)(A).

The Debtor sued the Plaintiff in the United States District Court seeking payment of an insurance claim due to a fire loss. The Plaintiff counter-claimed seeking recovery of an amount paid on the outstanding debt secured by a mortgage on the destroyed property. The counter-claim asserted that the Debtor had instigated the fire and had lied or otherwise hindered the insurance company's investigation. Therefore, the insurance company argues that it was relieved of any liability to pay for any loss. The jury returned a verdict in favor of the insurance company, and judgment was entered against the Debtor. The Court ordered the Debtor to pay the insurance company the amount previously distributed in satisfaction of the mortgage debt, plus punitive damages.

This motion for summary judgment asserts that as a result of the District Court judgment, the Debtor is collaterally estopped from denying the allegations in this complaint.

Collateral estoppel is appropriate where (1) the issue or issues are the same in the bankruptcy suit as in the non-bankruptcy court litigation, (2) the issue was actually litigated in the non-bankruptcy court action, (3) the action resulted in a valid and final determination, and (4) the issue was outcome determinative. *In re McQueen*, 102 B.R. 120, 123 (Bankr.S.D. Ohio 1989).

The judgment entered in this matter was based upon a jury verdict. However, neither the judgment nor the jury verdicts delineate the specific findings of the Court with reference to the non-dischargeability issues at hand. The copies of the instructions attached to the Plaintiff's Memorandum in this case indicate that the jury was to find in favor of the insurance company on the Debtor's District Court complaint if they believed that the fire was directly or indirectly caused by an act, design or procurement on the part of the Debtor; and that they were to find in favor of the insurance company if the Debtor provided false information or willfully concealed material facts with the intent to deceive the insurance company concerning the fire. The instruction which is most determinative of this motion for summary judgment however reads as follows:

> You must award defendant Mid–Century Insurance Company such sum as you believe will fairly and justly compensate it for any damage it sustained as a result of the non-payment of the mortgage. Defendant Mid–Century Insurance Company purchased the mortgage and, therefore, was entitled to payment of the note and deed of trust. The failure to pay the loan amount by plaintiffs entitles defendant to money damages in the amount of the face value of the note, plus interest and attorney's fees. (Exhibit H, to *Memorandum In Support Of Plaintiff's Motion For Summary Judgment*, filed November 20, 1990.)

Similarly, the copy of "VERDICT B" attached to the November 20, 1990 Insurance Company Memorandum indicates that the jury assessed damages "[o]n the claim of Defendant Mid–Century Insurance Company ...". Thus, the Court is unable to determine from the record presented here that the debt which is the money judgment in this case resulted from the jury's determination that the Debtor acted willfully and maliciously to injure the property of another, or that the jury determined that said debt was based upon the Debtor's fraud. The record has not established that the issues actually litigated in the District Court proceeding were outcome determinative with respect to the debt in this adversary proceeding. Therefore,

IT IS ORDERED that the Plaintiff's motion for summary judgment is DENIED; and

That this matter is continued and reset to *May 14, 1991 at 10:00 a.m. in Bankruptcy Court No. 1, United States Court House, 1114 Market Street, 7th Floor, St. Louis, Missouri* as a FINAL PRETRIAL HEARING.